In February 1996, the Baldwin County Circuit Court divorced Lonnie Glenn Morgan (the husband) and Audrey E. Morgan (the wife). After hearing ore tenus evidence, the trial court entered an order stating, in pertinent part:
 "1. The Wife is awarded the Florida Street residence. The Court deems this to be her inheritance from her mother.
 "2. The Wife is awarded the Oak Street residence. The Husband shall be required to pay the outstanding indebtedness thereon and shall hold the wife harmless therefrom unless and until he can have said residence completely removed as collateral for all loans on which it presently serves as collateral. To ensure payment of this obligation, a judicial lien is awarded in favor of the wife against the Husband's one-half interest in the 20-acre parcel of land. A copy of this divorce decree shall be recorded by the Plaintiff in the Office of the Probate Judge of Baldwin County.
 "3. The Husband is awarded his one-half interest in the 20-acre parcel described as the South 1/2 of the Northwest 1/4 of the Northwest 1/4 of Section 34, [Township] 4 South, Range 4 East, and shall be responsible for payment of the outstanding indebtedness thereon and shall hold the Wife harmless therefrom.
 "4. The Wife is awarded the 1986 Buick and the 1993 Ford Ranger. She shall be responsible for payment of the outstanding indebtedness thereon and shall hold the Husband harmless therefrom.
 "5. The Husband is awarded the three (3) mobile homes, the 196? Mustang, the 1973 Fairlane, the 1983 van, the 1988 Oldsmobile, the 1991 Isuzu, two motorcycles, and his musical equipment and instruments. The Husband shall be responsible for the outstanding indebtedness thereon and shall hold the Wife harmless therefrom.
". . . .
 "7. The other personal property of the parties has been divided and each party is awarded that personal property in his or her possession. The Husband is ordered to remove any of his personal property located at the Oak Street residence from that location within thirty days of the date of this decree.
". . . .
 "9. The husband is ordered to pay the Wife the sum of $400.00 per month as periodic alimony. Said alimony shall continue until the Wife dies, is remarried or *Page 310 
[cohabits] with a member of the opposite sex as provided by statute."
The husband filed a post-judgment motion seeking to alter, amend, or vacate the judgment. In response, the trial court entered an order, amending paragraph 5 of the judgment to correctly identify the vehicles awarded to the husband as a "1967 Fairlane, 1965 Mustang, 1987 Van, 1983 Oldsmobile, and 1991 Isuzu Truck." The trial court otherwise denied the motion.
On appeal, the husband contends that the trial court abused its discretion in dividing the marital property and in awarding the wife $400.00 per month as periodic alimony.
A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036
(Ala.Civ.App. 1993). Moreover, issues of alimony and property division must be considered together, and the trial court's judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id. Some factors that the trial court should consider in dividing marital property and setting alimony payments include "(1) the earning ability of the parties; (2) their probable future prospects; (3) their age, sex, health and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of the divorce." Echols v. Echols, 459 So.2d 910, 911-12
(Ala.Civ.App. 1984). "[P]roperty divisions are not required to be equal, but must be equitable in light of the evidence, and the determination as to what is equitable rests within the sound discretion of the trial court." Duckett v. Duckett,669 So.2d 195, 197 (Ala.Civ.App. 1995).
The record reveals that the parties acquired two residences during the marriage. The parties bought the marital home (referred to by the trial court as the Oak Street residence) for $11,500 in 1966. The parties lived together in this home until 1984, when the wife moved out. In November 1985, the wife moved into the Florida Street residence, which was, at that time, owned by her mother.
In 1986 the parties attempted to reconcile and the husband moved "his clothing and personal things" into the Florida Street residence. In 1990, the wife's mother gave her the Florida Street residence. The wife testified that she and the husband lived together in the Florida Street residence while attempting to reconcile from 1986 until February 1994.
Pursuant to § 30-2-51, Ala. Code 1975, "the judge [in a divorce case] may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage." (Statutory amendments effective January 1, 1996, not applicable.) The language in the divorce judgment awarding the Florida Street residence to the wife indicates that the trial court determined that, pursuant to § 30-2-51, that residence was not subject to division. Because the undisputed evidence reveals that the parties used the Florida Street residence for their common benefit during the marriage, the trial court erred by not considering the residence when dividing the marital property.
We also note that the divorce judgment purported to award three mobile homes to the husband. The record shows that the husband had sold the three mobile homes some time before the divorce. At the time of the divorce, the mobile homes were not part of the marital estate and were not subject to division. Therefore, the trial court erred by considering the mobile homes as part of the marital estate.
The husband also argues that the trial court erred in awarding the wife $400 per month in periodic alimony. Because issues of alimony and property division must be considered together, Parrish, supra, we conclude that the errors in the division of property also require reversal of the award of periodic alimony.
The judgment of the trial court is reversed, and the cause is remanded for the trial court to reexamine its division of property *Page 311 
and award of periodic alimony in light of this opinion.
The husband's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.