Mark S. Drummond ("the husband") and Rhonda B. Drummond ("the wife") were *Page 355 
married in 1981. During the early years of the marriage, the wife worked as a teacher while the husband earned a master's degree and a Ph.D. in geology. After the husband secured employment as a professor at the University of Alabama at Birmingham ("UAB"), the wife quit her job and became a full-time homemaker and mother to their two daughters, who were 12 and 8 years old at the time of trial. The husband's salary was not the parties' sole source of income; the husband's family is wealthy, and for several years his parents presented $10,000 annually to each party as a gift; these gifts were used as a portion of the parties' income during the marriage. In addition, the husband had received substantial assets from his grandmother's estate, and he invested in various financial ventures and investment accounts.
In January 1996, the wife sued for a divorce. After a lengthy trial, with much testimony about the husband's use of numerous investment accounts and other assets, the trial court divorced the parties. Among other things, the divorce judgment awarded the husband custody of the parties' children, subject to a "standardized" visitation schedule alternating weekends and holidays for the wife; awarded the wife the marital residence; awarded the wife $4,000 per month in periodic alimony and $50,000, payable in 5 annual installments of $10,000, as alimony in gross; awarded the wife one investment account valued at approximately $31,000 out of the husband's sizable financial portfolio; and awarded the wife $42,916.37 in attorney fees.
The wife appeals, arguing that the trial court erred in the award of custody to the husband, in the awards of alimony and the division of property, and in the award of attorney fees.
 I. Custody and Visitation
The wife argues that the trial court's award of custody to the husband is a punishment for her alleged marital indiscretions, and she argues that, as such, the award of custody is an abuse of discretion. See Etheridge v. Etheridge, 375 So.2d 474
(Ala.Civ.App. 1979) (holding that, although adulterous conduct can be considered in determining custody, adultery, in and of itself, does not automatically bar an award of custody to the adulterous parent). She also argues that the trial court should have awarded joint custody in accordance with Alabama's joint-custody statute, Ala. Code 1975, § 30-3-150 et seq. In addition, she argues that the trial court's award of standard visitation was an abuse of discretion.
 "The law regarding child custody determinations is well settled. Matters of child custody lie within the discretion of the trial court, and the child's welfare and best interest is always the paramount consideration. Martin v. Martin, 623 So.2d 1167 (Ala.Civ.App. 1993). When a custody judgment follows the presentation of ore tenus evidence, a presumption of correctness automatically attaches to the judgment, and it will be affirmed if it is supported by competent evidence unless it is shown to be palpably wrong. Matter of Young, 456 So.2d 823 (Ala.Civ.App. 1984). The ore tenus rule is based, in part, on the unique position of the trial court to personally observe the parties and witnesses and to hear the evidence; additionally, `the perception of an attentive trial judge is of great importance,' particularly in child custody cases. Williams v. Williams, 402 So.2d 1029, 1032 (Ala.Civ.App. 1981)."
Hodge v. Hovey, 679 So.2d 1145, 1147 (Ala.Civ.App. 1996).
Further, "[i]n an action between parents seeking an initial award of custody, *Page 356 
the parties stand on equal footing and no favorable presumption inures to either parent. Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App. 1990)." Lacaze v. Lacaze, 621 So.2d 298, 300 (Ala.Civ.App. 1993). When the record indicates that either parent would be a capable parent, this court must defer to the trial court's decision regarding custody. Bates v. Bates, 678 So.2d 1160 (Ala.Civ.App. 1996). The trial court also has a wide degree of latitude in visitation matters.Kent v. Green, 701 So.2d 4 (Ala.Civ.App. 1996).
The trial court heard expert testimony concerning the parties' personality traits and how those characteristics impacted upon their parenting abilities. The court-appointed psychologist, Dr. Sarah Kramer, indicated that both parents had controlling personalities. She opined that the husband might have a problem recognizing his feelings and would often "bottle up" his feelings until they reached an explosive point, resulting in an angry outburst. According to Dr. Kramer, the wife is self-focused, desires attention, and can be overly dramatic. She too, according to Dr. Kramer, tends to suppress emotions until they overwhelm her.
The parties were given a test to measure their "awareness of critical aspects of childcare issues and the effectiveness of [each] parent's communication with the children." According to the test results, the husband has a greater ability to identify the critical aspects of childcare issues and to select adequate strategies to resolve those situations positively. In addition, Dr. Kramer noted that the husband tended "to examine his own parenting behavior for clues to his child's behavior," while the wife was "reluctan[t] to identify elements in her own behavior [that] may contribute to problematic situations." In her recommendations to the court, Dr. Kramer indicated that joint custody would likely be unworkable because of the parents' animosity toward each other. She did not, however, recommend placement with one parent over the other.
Under the facts showing the trial court's consideration of the parties' strengths and weaknesses as parents, as outlined extensively in Dr. Kramer's report, we cannot conclude that the trial court erred by awarding the husband custody of the children. Neither can we conclude, in light of Dr. Kramer's comment concerning joint custody, that the trial court's decision not to award joint custody is error. The trial court heard the testimony of Dr. Kramer, the husband, and the wife; it also observed the demeanor of both the husband and the wife for several days. Although the wife has been the primary caregiver for the children, the record supports an award of custody to either party. Under these circumstances, this court cannot substitute its judgment of the trial court. Bates, supra.
The trial court is entrusted to make custody determinations based on the evidence before it. After reviewing the evidence, we conclude that the trial court did not abuse its discretion in finding that an award of custody to the husband and standard visitation to the wife was in the children's best interest. Hodge, supra. Therefore, we must affirm that portion of the trial court's judgment awarding the husband primary physical custody of the minor children and awarding the wife standardized visitation.
 II. Division of Property and Awards of Alimony
The wife also argues that the trial court erred in its division of property and its awards of alimony. The crux of her argument is that the trial court erred by considering a majority of the husband's financial portfolio his separate property. The husband's reply is that the trial court's *Page 357 
judgment is correct because, he says, those assets were funded by money obtained through gift or inheritance. See Ala. Code 1975, § 30-2-51(a). Section 30-2-51(a) reads, in part:
 "[T]he judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage."
The wife argues that many of the husband's assets, or the income produced by them, were "used regularly for the common benefit of the parties during their marriage," and that the trial court should have considered those assets when dividing the parties' property and fashioning the alimony awards.
Our standard for reviewing the trial court's judgment concerning the award of alimony and the division of property is well settled:
 "A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036
(Ala.Civ.App. 1993). Moreover, issues of alimony and property division must be considered together, and the trial court's judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id. Some factors that the trial court should consider in dividing marital property and setting alimony payments include `(1) the earning ability of the parties; (2) their probable future prospects; (3) their age, sex, health and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of the divorce.' Echols v. Echols, 459 So.2d 910, 911-12 (Ala.Civ.App. 1984). `Property divisions are not required to be equal, but must be equitable in light of the evidence, and the determination as to what is equitable rests within the sound discretion of the trial court.' Duckett v. Duckett, 669 So.2d 195, 197 (Ala.Civ.App. 1995)."
Morgan v. Morgan, 686 So.2d 308, 310 (Ala.Civ.App. 1996).
If the trial court failed to consider assets of the husband on the basis that they were excluded from his estate by §30-2-51, when those assets, or the income they produced, were indeed used for the common benefit of the parties, then the trial court committed reversible error. After reviewing the record and the numerous exhibits concerning the husband's investment accounts and other assets, we conclude that many of those assets were indeed used for the common benefit of the parties during their marriage or were funded by moneys that were part of the maritalestate. Even excluding the value of the parties' real estate and personal property, the value of the funds in the various financial and investment accounts that were accumulated and accessible to the parties during the marriage substantially exceeds $1,000,000.
The trial court's judgment makes no specific finding as to the parties' conduct or any other equitable consideration that affected its award of the assets and accounts. See, e.g., Smithv. Smith, 727 So.2d 113 (Ala. Civ. App 1998). We note, however, that the trial court's award to the wife was less than one-tenth of the value of the assets and accounts "used regularly for the common benefit of the parties" during the marriage. Section30-2-51, supra. Although the division of property need not be equal, it must be equitable. Franz v. Franz, 723 So.2d 61
(Ala.Civ.App. 1997); Mayer v. Mayer, 628 So.2d 744, 745
(Ala.Civ.App. 1993). Under these circumstances, *Page 358 
we conclude that the division of property is inequitable and that the trial court abused its discretion. Because we consider the awards of alimony together with the division of property, Morgan, supra, the judgment as to the awards of alimony and division of property is reversed, and the cause remanded for a more equitable distribution of the marital assets.
 III. Attorney Fees
The wife's final argument is that the trial court abused its discretion by awarding her only $42,916.37 in attorney fees, when the fees incurred by her exceeded $76,000. The allowance of attorney fees is within the sound discretion of the trial court.Slater v. Slater, 587 So.2d 376, 380 (Ala.Civ.App. 1991). As the wife correctly points out, the trial court should consider the conduct of the parties, their financial circumstances, and their individual earning capacities in deciding whether to award a fee.See id. The trial court heard the attorney for the wife testify concerning the fees charged to the wife; the wife has not demonstrated that the trial court abused its discretion in its award of attorney fees.
The husband and the wife each filed a motion to strike the brief of the other party. Those motions are denied.
The wife's request for attorney fees on appeal is granted in the amount $7,500.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.