Mark S. Drummond and Rhonda B. Drummond were divorced by the Jefferson Circuit Court. Rhonda appealed from the divorce judgment. The Court of Civil Appeals concluded that the trial court, in dividing the parties' marital property, had not considered as marital property an inheritance Mark had received from his grandmother's estate. It held that Rhonda should have been allowed to share in that property, on the basis that the evidence showed the inheritance had been used for the common benefit of the parties to the marriage. Thus, the Court of Civil *Page 360 
Appeals reversed the property-division portion of the trial court's judgment, and because property-division and alimony awards are usually so closely related, it reversed the alimony award as well. Drummond v.Drummond, 785 So.2d 353 (Ala.Civ.App. 1999). We granted Mark's petition for certiorari review, to consider the Court of Civil Appeals' ruling regarding the trial court's order dividing the parties' property and awarding alimony. We reverse the judgment of the Court of Civil Appeals insofar as that judgment reversed those two portions of the trial court's judgment, and remand.
 Facts
The facts of the case were adequately summarized in the Court of Civil Appeals' opinion:
 "Mark S. Drummond (`the husband') and Rhonda B. Drummond (`the wife') were married in 1981. During the early years of the marriage, the wife worked as a teacher while the husband earned a master's degree and a Ph.D. in geology. After the husband secured employment as a professor at the University of Alabama at Birmingham (`UAB'), the wife quit her job and became a full-time homemaker and mother to their two daughters, who were 12 and 8 years old at the time of trial. The husband's salary was not the parties' sole source of income; the husband's family is wealthy, and for several years his parents presented $10,000 annually to each party as a gift; these gifts were used as a portion of the parties' income during the marriage. In addition, the husband had received substantial assets from his grandmother's estate, and he invested in various financial ventures and investment accounts.
 "In January 1996, the wife sued for divorce. After a lengthy trial, with much testimony about the husband's use of numerous investment accounts and other assets, the trial court divorced the parties. Among other things, the divorce judgment awarded the husband custody of the parties' children, subject to a `standardized' visitation schedule alternating weekends and holidays for the wife; awarded the wife the marital residence; awarded the wife $4,000 per month in periodic alimony and $50,000, payable in 5 annual installments of $10,000, as alimony in gross; awarded the wife one investment account valued at approximately $31,000 out of the husband's sizable financial portfolio; and awarded the wife $42,916.37 in attorney fees."
785 So.2d at 354-55.
On appeal, Rhonda claimed the division of property was inequitable and also challenged that portion of the judgment awarding custody of the daughters to Mark and that portion awarding an attorney fee. The Court of Civil Appeals affirmed the award of custody and the attorney-fee award, but reversed those portions of the judgment dividing the marital property and awarding alimony.
 Standard of Review
The standard appellate courts apply in reviewing a trial court's judgment awarding alimony and dividing property is well established:
 "A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). Moreover, issues of alimony and property division must be considered together, and the trial court's judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id." *Page 361 
Morgan v. Morgan, 686 So.2d 308, 310 (Ala.Civ.App. 1996). More recently, the Court of Civil Appeals has stated:
 "The trial court has wide discretion over alimony and the division of property, and it may use whatever means are reasonable and necessary to equitably divide the parties' property. Grimsley v. Grimsley, 545 So.2d 75, 77 (Ala.Civ.App. 1989). Its judgment is presumed correct and will not be reversed unless it is so unsupported by the evidence . . . as to be unjust and palpably wrong. Grimsley, 545 So.2d at 76. However, that judgment is subject to review and revision. Moody v. Moody, 641 So.2d 818, 820
(Ala.Civ.App. 1994). This court must consider the issues of property division and alimony together when reviewing the decision of the trial court, Albertson v. Albertson, 678 So.2d 118, 120 (Ala.Civ.App. 1996), and, because the facts and circumstances of each divorce case are different, this court must also consider the particular facts and circumstances of the case being reviewed. Murphy v. Murphy, 624 So.2d 620, 623 (Ala.Civ.App. 1993)."
Bushnell v. Bushnell, 713 So.2d 962, 964-65 (Ala.Civ.App. 1997).
 Discussion
"`[P]roperty divisions are not required to be equal, but must be equitable in light of the evidence, and the determination as to what is equitable rests within the sound discretion of the trial court.'"Morgan v. Morgan, 686 So.2d 308, 310 (Ala.Civ.App. 1996) (quotingDuckett v. Duckett, 669 So.2d 195, 197 (Ala.Civ.App. 1995)). Rhonda contends that Mark was allowed to keep numerous bank and investment accounts that had been set up in his name alone. The total value of the accounts in question was approximately $1.2 million.[1] She argues that the trial court did not consider these accounts when it entered its final judgment of divorce and that in failing to consider the accounts the court violated § 30-2-51, Ala. Code 1975. That section reads, in pertinent part:
 "(a) If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage."
Rhonda claims that the inheritance Mark received from his grandmother's estate was put into various bank accounts, which she says were used for the common benefit of the marriage, specifically for the purpose of paying taxes and providing gifts for the children.
The Court of Civil Appeals held:
 "If the trial court failed to consider assets of the husband on the basis that they were excluded from his estate by § 30-2-51, when those assets, or the income they produced, were indeed used for the common benefit of the parties, then the trial court committed reversible error. After reviewing the record and the numerous exhibits concerning the husband's investment accounts and other assets, we conclude that many of *Page 362 
those assets were indeed used for the common benefit of the parties during their marriage or were funded by moneys that were part of the marital estate. Even excluding the value of the parties' real estate and personal property, the value of the funds in the various financial and investment accounts that were accumulated and accessible to the parties during the marriage substantially exceeds $1,000,000."
785 So.2d at 357.
Mark argues that the inheritance should have been kept separate for two reasons. First, he says the inheritance had not been used for the common benefit of the marriage and that there was no proof that it had been. Second, he argues that awarding any part of his inheritance to Rhonda would violate § 30-2-52, Ala. Code 1975, which reads:
 "If the divorce is in favor of either spouse for the misconduct of the other spouse, the judge trying the case shall have the right to make an allowance to either spouse out of the estate of either spouse, or not make an allowance as the circumstances of the case may justify, and if an allowance is made, the misconduct of either spouse may be considered in determining the amount; provided, however, that any property acquired prior to the marriage of the parties or by inheritance or gift may not be considered in determining the amount."
Relying on § 30-2-52, Mark alleged that Rhonda had been unfaithful during the marriage and therefore was not entitled to share in his inheritance. The Court of Civil Appeals correctly noted that the trial court's judgment makes no finding of adultery or other misconduct by Rhonda. Although Mark contends that the record contains substantial evidence indicating Rhonda had been unfaithful, § 30-2-52 begins with the specific premise that "the divorce is in favor of either spouse for the misconduct of the other spouse." Because the trial court made no finding of misconduct, § 30-2-52 is not applicable.
The Court of Civil Appeals concluded, from "the record and the numerous exhibits," that assets the court did not divide, or income from those assets, "[was] indeed used for the common benefit of the parties during the marriage," or were "funded by moneys that were part of the marital estate." 785 So.2d at 357. Although we acknowledge that there is support in the record for this conclusion, we do not agree with the Court of Civil Appeals' conclusion that the trial court should have made a property distribution from the inheritance and gift accounts.
Section 30-2-51 states that if a party does not use his or her inheritance or gifts for the common benefit of the parties to the marriage, then the trial judge may not consider the inheritance or gifts when making a property division. Nothing in the statute states that if one party's inheritance or gifts are used for the parties' common benefit then the trial judge must consider the inheritance or gifts when making the property division. In fact, the statute leaves such a determination to the discretion of the trial judge. "[T]he judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family." Section 30-2-51(a), Ala. Code 1975. Rhonda was given the family home, valued at $800,000 to $900,000; a Lexus automobile; attorney fees of more than $40,000; alimony in gross of $50,000; and periodic alimony of $4,000 a month. We cannot say the trial judge abused his discretion.
Further, nothing indicates the trial judge did not consider Mark's inheritance *Page 363 
and gifts when he made his ruling. The trial judge did not specifically state in his order that he had considered Mark's inheritance when making the property division. The order simply delineated what property would go to which spouse. Although the trial judge did not indicate the grounds upon which he based the Drummonds' divorce, the record contains evidence suggesting that Rhonda's conduct was a major factor contributing to the breakdown of the marriage.
 "`[A]dultery may be inferred from circumstances leading to it as a necessary inference.' Slater v. Slater, 587 So.2d 376, 377 (Ala.Civ.App. 1991). Even where the parties are divorced on the grounds of incompatibility, the conduct of the parties and fault with regard to the breakdown of the marriage are factors for the trial court to consider in fashioning its property division. Huntress v. Huntress, 555 So.2d 1103 (Ala.Civ.App. 1989)."
Myrick v. Myrick, 714 So.2d 311, 315 (Ala.Civ.App. 1998).
Finally, we note that the trial judge, who heard oral testimony from the parties and from other witnesses, was best able to determine the credibility to be afforded that testimony. Appellate courts can only review the record. Consequently, the trial court must be left with some discretion to determine which witnesses it deems more credible than others. Once the trial court makes that determination, it is not for the reviewing court to substitute its judgment for that of the trial court.
After reviewing the record, we conclude that the trial court did not plainly or palpably abuse its discretion in dividing the parties' property as it did. Therefore, we reverse the judgment of the Court of Civil Appeals insofar as that judgment reversed the property-division and alimony portions of the trial court's judgment, and we remand the case with instructions for the Court of Civil Appeals to reinstate those portions of that trial judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Hooper, C.J., and Maddox, Cook, Brown, Johnstone, and England, JJ., concur.
See and Lyons, JJ., concur in the result.
Houston, J., recuses himself.
[1] It is impossible to get an exact figure on the total amounts in question. The records for these accounts were not well kept, and the record does little to help us estimate the total.