I would affirm the judgment of the trial court on all issues; therefore, I respectfully dissent from those parts of the majority's opinion reversing the judgment of the trial court and remanding this cause for the trial court to take further action.
The majority reverses the judgment of the trial court and remands this cause for the trial court to treat all of the husband's personal Compass stock as marital property and to reconsider it in its division of the martial assets.
Section 30-2-51, Ala. Code 1975, reads, in pertinent part:
 "(a) If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage."
The majority finds that the Compass shares obtained before the marriage were used for the common benefit of the marriage. There is evidence to support this conclusion; however, I do not agree with the majority that the trial court was, therefore, required to include the Compass shares in its property division. *Page 403 
In Drummond v. Drummond, 785 So.2d 358 (Ala. 2000), the Alabama Supreme Court stated that under § 30-2-51, a trial court may in certain circumstances consider inheritances or gifts when making a property division. The Court further stated:
 "[N]othing in the statute states that if one party's inheritance or gifts are used for the parties' common benefit then the trial judge must consider the inheritance or gifts when making the property division. In fact, the statute leaves such a determination to the discretion of the trial judge."
785 So.2d at 362. In this case, the wife was given ample assets, which totaled over $2 million. She also received $145,000 for attorney fees and $4,500 for monthly periodic alimony which is to continue until she remarries or dies. Considering these awards, I cannot say the trial court would have abused its discretion by not considering the Compass shares in its property division, if, in fact, it did not consider them.
Nothing indicates that the trial court did not consider the shares in making the property division. I disagree with the majority opinion's statement that if the court did "consider the non-MIP Compass stock in its division of marital property but chose, in its discretion, not to award the wife a portion of the stock," the division of property is inequitable and the court abused its discretion. 785 So.2d at 362.
In a divorce case, the division of property is an issue committed to the sound discretion of the trial court. Peck v. Peck, 581 So.2d 1119
(Ala.Civ.App. 1991). Further, the trial court's judgment regarding a property division will not be disturbed on appeal unless it is shown that the trial court plainly and palpably abused its discretion or unless it is shown that the trial court's determination is clearly and obviously wrong. Peck, 581 So.2d 1119. Additionally, I note that when reviewing a trial court's judgment based upon ore tenus evidence presented in a nonjury case, this court must presume the judgment to be correct. Id.
The law does not require that a property division be equal, only that it be equitable, under all the circumstances of the particular case.Edge v. Edge, 628 So.2d 634 (Ala.Civ.App. 1993). The determination as to what is equitable rests within the sound discretion of the trial court.Drummond, supra. Furthermore, the fact that a property division is more favorable to one spouse than to the other does not, in and of itself, indicate an abuse of discretion. Sutton v. Sutton, 625 So.2d 817
(Ala.Civ.App. 1993).
Each party had children by a prior marriage, each was gainfully employed before the marriage, and each is in relatively good health. Although the wife did not work during the marriage, she has a college degree and held a teaching certificate before the marriage. The trial court awarded the wife over $2 million in assets and $4,500 in monthly alimony.
After reviewing of the voluminous record, I conclude that the trial court did not plainly or palpably abuse its discretion in its division of the parties' property or in its award of alimony. The matters the wife complains of concerning periodic alimony and the division of property are matters that lie soundly within the discretion of the trial court, and its judgment on those matters will not be disturbed on appeal, except where its discretion was palpably abused. Montgomery v. Montgomery,519 So.2d 525 (Ala.Civ.App. 1987). Furthermore, even if this court would have ruled differently, absent an abuse of discretion this court has no authority to substitute its judgment for that of the trial court. *Page 404 
Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
Robertson, P.J., concurs.