PITTMAN, Judge.
Lily Heart Sol sued Richard Ernest Miller, Jr., for a divorce after 11 years of marriage. She requested periodic alimony, custody of and child support for their one child, and a division of marital property and debts. Following the presentation of ore tenus evidence, the trial court divorced .the parties; awarded the wife sole physical custody of the child and $719 monthly in child support; awarded the husband visitation with the child; divided the marital assets, including a family trust; divided the marital debts; and awarded the *388 wife $1,000 per month as periodic alimony. The wife and the husband each filed a postjudgment motion. The trial court granted the husband’s postjudgment motion in part and provided that the husband would pay the periodic-alimony award for only 12 months. The wife appeals.
The wife argues that, in several ways, the trial court’s division of property was inequitable and its periodic-alimony award was insufficient. We conclude that the dispositive issue as to these assignments of error is the wife’s contention that the trial court erred by finding that the Sol/Miller Revocable Living Trust was a marital asset and awarding the husband an interest in the trust.
Before the wife filed for divorce, the husband signed an agreement that stated, in pertinent part:
“I, the [husband], do hereby release, relinquish, forego, renounce, give up and forever abandon any and all interest I may have as a beneficiary of that certain Sol/Miller Revocable Living Trust dated December 30, 1992, ... including, but not limited to, my interest as a current beneficiary under said trust, any right I may have to insist that the trust be perpetuated beyond this date and any right I may have to the distribution of any assets of the trust upon its dissolution.”
The husband does not contend that the release he signed is invalid; rather, he contends that, because the trust is marital property, and in spite of the fact that he signed a release relinquishing his right as a beneficiary and his right to receive any assets from the trust, the trial court has the power to award him assets from the trust as a part of the divorce judgment. We disagree.
As is the case with a contract, whether a release is ambiguous is a question of law. Baker v. Blue Circle, Inc., 585 So.2d 868 (Ala.1991). As stated above, the release the husband signed unambiguously releases any beneficial interest in the trust and any right to receive any assets from the trust. A release, like a contract, is enforced as written. McNeely v. Spry Funeral Home of Athens, Inc., 724 So.2d 534 (Ala.Civ.App.1998), citing § 12-21-109, Ala.Code 1975. We conclude that the husband, by signing the release, relinquished his right to any distribution of the trust assets, including a distribution pursuant to a divorce judgment. Therefore, the trial court erred by awarding the husband any assets from the trust.
The division of property and the award of alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either issue. See O’Neal v. O’Neal, 678 So.2d 162, 164 (Ala.Civ.App.1996), citing Montgomery v. Montgomery, 519 So.2d 525, 526 (Ala.Civ.App.1987). Because we hold that the husband is not entitled to any assets from the trust, the remaining property division and the periodic-alimony award must be reexamined. Therefore, the trial court’s judgment is reversed insofar as it divided the marital property and the debts and awarded periodic alimony. The trial court is instructed on remand to make an equitable division of property and to recalculate the periodic-alimony award in light of the wife’s exclusive right to the Sol/Miller Revocable Living Trust.
The wife also argues that the trial court erred by not finding a child-support arrearage because the husband had not complied with the child-support orders. The wife claims that the arrearage arises from the fact that the husband did not start paying the child support ordered by the trial court until the date the trial court entered its judgment; the wife argues that the child support ordered in the divorce *389 judgment should be retroactive to the date of the parties’ separation. The amount of child support the trial court ordered the husband to pay was slightly lower than the child support ordered in the final judgment. Therefore, there is no child-support arrearage, because the husband satisfied the court’s interim order and final judgment.
The wife next argues that the trial court erred by not stating that one of the obligations of the parties was the child’s medical expenses not covered by insurance. The judgment ordered the husband to pay the child’s medical insurance. The judgment did not provide for the payment of uninsured medical expenses. The wife does not argue that the trial court’s judgment in this regard is inequitable. The wife requests that this court reverse that portion of the trial court’s judgment and instruct the court to order the husband to pay the uninsured medical expenses. We conclude that this issue is more properly the subject of a petition to modify the divorce judgment, and we will not reverse the trial court’s judgment as to this issue.
The wife lastly argues that the trial court erred by not addressing the issue of college expenses for the parties’ 11-year-old son. This court has consistently held that an award of postminority educational support based on consideration of the Ex parte Bayliss, 550 So.2d 986 (Ala.1989), factors when a child is still a few years from attending college is reversible error. See Martin v. Martin, 624 So.2d 192 (Ala.Civ.App.1993) (holding that trial court should not consider postminority educational support for children ages 11, 13, and 16 because such consideration is premature in light of the Bayliss factors). Therefore, the trial court properly did not address the issue of college expenses for the 11-year-old son.
The trial court’s judgment is affirmed in part and reversed in part, and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, J., concurs.
YATES, P.J., concurs in the result.
CRAWLEY and MURDOCK, JJ., dissent.