WOODALL, Justice.
Lily Heart Sol and Richard Ernest Miller, Jr., were divorced by the Baldwin Circuit Court. Lily appealed from the divorce judgment. The Court of Civil Appeals concluded that the trial court had erred by awarding Richard an asset from a family trust. The main opinion of the Court of Civil Appeals stated:
“Because we hold that the husband is not entitled to any assets from the trust, the remaining property division and the periodic-alimony award must be reexamined. Therefore, the trial court’s judgment is reversed insofar as it divided the marital property and the debts and awarded periodic alimony. The trial court is instructed on remand to make an equitable division of property and to recalculate the periodic-alimony award in light of the wife’s exclusive right to the [trust].”
Sol v. Miller, 861 So.2d 386, 388 (Ala.Civ.App.2002). The Court of Civil Appeals affirmed the trial court’s judgment in all other respects.
We granted Richard’s petition for certio-rari review to consider the Court of Civil Appeals’ holding that the trial court had erred in awarding Richard an asset from the trust. We reverse the judgment of the Court of Civil Appeals insofar as that judgment reversed portions of the trial court’s judgment, and we remand.
I.
The relevant facts are not in dispute. Lily and Richard were married in 1988. In 1993, Lily inherited more than $500,000, which was placed in the Sol/Miller Revocable Living Trust (“the trust”), which had been created in 1992. Later, Richard placed his own funds into the trust, and Lily and he placed several marital properties, including their residence and two condominiums in Colorado, into the trust.[1] “There is no dispute that the property of *394 the [t]rust was used for the common benefit of the parties during the marriage.” Respondent’s brief, at 23.
On February 28, 2000, Richard signed an agreement entitled “Release and Renunciation of Beneficial Interest in Trust” (“the release”), which stated, in pertinent part:
“KNOW ALL MEN BY THESE PRESENTS that for and in consideration of $10.00 and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, I, the undersigned Richard Ernest Miller, Jr., do hereby release, relinquish, [forgo], renounce, give up and forever abandon any and all interest I may have as a beneficiary of that certain Sol/Miller Revocable Living Trust dated December 30, 1992, consisting of nineteen typewritten pages, executed by myself and Lily Heart Sol, including, but not limited to, my interest as a current beneficiary under said trust, any right I may have to insist that the trust be perpetuated beyond this date and any right I may have to the distribution of any assets of the trust upon its dissolution.”
(Emphasis added.) On March 24, 2000, Lily sued Richard for a divorce.
II.
Following a hearing at which ore tenus evidence was presented, the trial court divorced the parties. With regard to the trust assets, the trial court found:
“After the wife received her inheritance, a family trust was created. The court deems that since the wife’s inheritance was used for the support and maintenance of the family that it became a marital asset. The court further finds from the evidence that the trust was created for tax saving purposes and to avoid probate. The court would therefore treat the assets in the trust as part of the marital estate and disregard the trust entity.”
The trial court, in its divorce judgment, awarded Richard one trust asset, a condominium in Colorado. Lily appealed.
A majority of the Court of Civil Appeals agreed that by signing the release, Richard had relinquished his right to any distribution of the trust assets, including a distribution pursuant to a divorce judgment, and that, “[t]herefore, the trial court erred by awarding [Richard] any assets from the trust.” Sol v. Miller, 861 So.2d at 388. The propriety of those conclusions is before this Court on certiorari review.
III.
This Court recently stated the applicable standard of review:
“The standard, appellate courts apply in reviewing a trial court’s judgment awarding alimony and dividing property is well established:
“ ‘A trial court’s determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App.1993). Moreover, issues of alimony and property division must be considered together, and the trial court’s judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id’
“Morgan v. Morgan, 686 So.2d 308, 310 (Ala.Civ.App.1996).”
Ex parte Drummond, 785 So.2d 358, 360-61 (Ala.2000). The dispute in this case involves the effect, if any, of the release signed by Richard upon the trial court’s discretion to award trust assets to Rich *395 ard, under the equitable principles reflected in § 30 — 2—51(a), Ala.Code 1975.
Section 30 — 2—51(a) provides:
“If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse’s family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage.”
(Emphasis added.) The parties agree that the trust assets, including the assets acquired by inheritance, were “used regularly for the common benefit of the parties during their marriage.” They disagree, however, over whether the release destroyed the authority of the trial court to award trust assets to Richard in its divorce judgment.
Richard argues that he “may be awarded assets from [the] trust where the circuit court finds that the trust contains marital assets notwithstanding the fact that [he] signed a release of his interest as beneficiary of the trust shortly before the divorce proceeding was filed by [his wife].” Petition for writ of certiorari, at 2. On the other hand, Lily contends that “any claim that [Richard] had to the [t]rust assets [was] terminated when he willingly and knowingly released his interests.” Respondent’s brief, at 23. We agree with Richard. As Judge Murdock stated in his dissent to the main opinion of the Court of Civil Appeals:
“Notwithstanding the fact that both parties had contributed assets to the trust, the wife argues that by signing the release in question, the husband gave up his rights to receive any portion of the property. Even if we accept the proposition that by signing the release at issue the husband lost certain rights, the rights he released thereby were only his rights as beneficiary of the trust.”
Sol v. Miller, 861 So.2d at 392 (Murdock, J., dissenting).
Lily argues that “the release contract signed by [Richard] is valid and enforceable.” Respondent’s brief, at 23. We agree. See § 30 — 4—9, Ala.Code 1975 (“[t]he husband and wife may contract with each other”). However, a fundamental principle of contract construction is that “ ‘[w]here the parties express without ambiguity their intention, no court can alter the agreement, and no room for judicial construction is left.’ ” Arthur Rutenberg Homes, Inc. v. Norris, 804 So.2d 180, 185 (Ala.2001) (quoting Lilley v. Gonzales, 417 So.2d 161, 163 (Ala.1982)). The release, by its unambiguous terms, was limited to Richard’s rights “as a beneficiary of [the trust].” It makes no mention of, and can have no effect upon, Richard’s rights upon divorce. He released “any right ... to the distribution of any assets of the trust upon its dissolution” (emphasis added), not upon the dissolution of the marriage.
IV.
For the reasons stated above, the trial court did not err by awarding Richard an asset from the trust; such an award was well within the trial court’s discretion under § 30-2-51(a), and it was not precluded by the release signed by Richard on February 28, 2000. Therefore, we reverse the judgment of the Court of Civil Appeals insofar as that judgment reversed portions *396 of the trial court’s judgment, and we remand the case with instructions for the Court of Civil Appeals to affirm the judgment of the trial court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.

. According to Lily's complaint for divorce, most of the marital assets had been placed in the trust.