Rel: February 20, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0371

_____

### Jimmy R. Smith

### v.

### Beverly Smith

### Appeal from Talladega Circuit Court
### (DR-22-900415)

BOWDEN, Judge.

Jimmy R. Smith ("the husband") filed a complaint for a divorce from Beverly Smith ("the wife") in the Talladega Circuit Court ("the circuit court"). The circuit court issued a judgment ("the divorce judgment") divorcing the parties and, in pertinent part, awarding alimony to the

wife. On appeal, the husband argues that the circuit court committed reversible error by failing to hold a hearing on his postjudgment motion, as he had requested, and by failing to make express findings required by Ala. Code 1975, § 30-2-57, in the alimony award. He also argues that the evidence was insufficient to support the circuit court's decision to award alimony and that, based on his asserted reasons for overturning the alimony award, the entire judgment is due to be reversed because alimony and property division are interrelated. We agree that the circuit court did not make the express findings required by § 30-2-57, so we reverse the circuit court's judgment and remand this case to the circuit court for proceedings consistent with this opinion.

Procedural History

On September 13, 2022, the husband filed a complaint for a divorce from the wife based on the grounds of incompatibility of temperament and adultery. On September 27, 2022, the wife filed an answer denying all the allegations in the husband's complaint. On February 13, 2023, the wife filed a document styled as a counterclaim that contained no allegations and sought only relief in the forms of the return of personal property, a division of real property, alimony, and "other relief." On April

20, 2023, the husband filed a reply to the wife's counterclaim. Following several continuances, a trial was held on October 21, 2024.

On January 3, 2025, the circuit court entered the divorce judgment, which stated, in pertinent part:

"It is hereby Ordered, Decreed and Adjudged as follows:

"1. That the bonds of matrimony heretofore existing between the [the husband] and [the wife] are dissolved and [the husband] is forever divorced from [the wife] on the grounds of Incompatibility.

"2. That neither the [husband] nor the [wife] shall again marry except to each other until sixty days (60) after the date of this decree, unless an appeal from this decree is taken within forty-two (42) days, in which event neither the [husband] nor the [wife] shall marry again except to each other during the pendency of said appeal.

"3. There are no children born of this marriage.

"4. The [husband] shall be the sole and separate owner of all items of personal property in his possession, and the [wife] is hereby divested of any interest in and to same.

"5. The [wife] shall be the sole and separate owner of all items of personal property in her possession, and the [husband] is hereby divested of any interest in and to same.

"6. Each party shall be responsible for any debt incurred in their individual names.

"7. The [husband] shall be the sole and separate owner of any and all accounts which he may have in his individual name, his personal clothing, jewelry, clothing accessories,

personal property, securities, retirement plans, savings plans, thrift savings plan, business interests, insurance policies, books, etc., not specifically awarded otherwise herein. The [wife] is hereby divested of all her right, title and interest in and to the same.

"8. The [wife] shall be the sole and separate owner of any and all accounts which she may have in her individual name, her personal clothing, jewelry clothing accessories, personal property, securities, retirement plans, savings plans, thrift savings plan, business interests, insurance policies, books, etc., not specifically awarded otherwise herein. The [husband] is hereby divested of all his right, title and interest in and to the same.

"9. The [wife] is awarded the sum of $20,000 as alimony in gross to be paid within 90 days.

"10. The [wife] is awarded the sum of $500.00 a month as periodic alimony due to her limited income, poor health and lack of medical insurance. Effective January 15, 2025. Said alimony payments shall continue on the 15th day of each month thereafter for a period of ten (10) years, unless terminated upon the death of the [wife]; the death of the [husband]; the remarriage of the [wife]; or upon Court Order, whichever occurs first."

(Capitalization in original). On January 29, 2025, the husband filed a motion to alter, amend, or vacate the divorce judgment, which stated, in pertinent part:

"1. The Judgment is contrary to the facts and evidence presented at trial. There was no testimony given by either party as to their income, financial obligations or value of their separate estate.

"2. The Judgment is contrary to the laws of the State of Alabama. 'A petitioning spouse must prove a need for periodic alimony by showing that without such financial support he or she will be unable to maintain the parties' former marital lifestyle.' Shewbart vs. Shewbart, 64 So. 3d 1080 (2010). The [wife] failed to demonstrate a need for continuing support to sustain the marital standard of living and that the [husband] can, has the ability and should meet, as is required by law and set out in Rodgers v. Rodgers, 231 So. 3d 1090 (2016). The [wife] failed to demonstrate and establish her financial need and failed to establish the [husband]'s ability to meet that need.

"[THE HUSBAND] REQUESTS A HEARING ON SAID MOTION"

(Capitalization in original.) Although the husband requested a hearing on the postjudgment motion, the circuit court did not hold a hearing. The postjudgment motion was denied by operation of law on April 29, 2025. See Rule 59.1, Ala. R. Civ. P. The husband timely appealed.

## Standard of Review

In Turnbo v. Turnbo, 938 So. 2d 425, 429-30 (Ala. Civ. App. 2006), this court described the appropriate standard of review:

"'Trial judges enjoy broad discretion in divorce cases, and their decisions are to be overturned on appeal only when they are "unsupported by the evidence or [are] otherwise palpably wrong."' Ex parte Bland, 796 So. 2d 340, 344 (Ala. 2000) (quoting Ex parte Jackson, 567 So. 2d 867, 868 (Ala. 1990)). Also, when, as in this case, a trial court's judgment is based on ore tenus evidence, the judgment is presumed correct. Kennedy v. Kennedy, 743 So. 2d 487 (Ala. Civ. App.

5

1999). The presumption of correctness under the ore tenus rule 'is based on the trial court's unique position to observe the witnesses and to assess their demeanor and credibility.' Glazner v. Glazner, 807 So. 2d 555, 559 (Ala. Civ. App. 2001); see also Hall v. Mazzone, 486 So. 2d 408, 410 (Ala. 1986).

"Matters such as alimony and property division are within the sound discretion of the trial court. Ex parte Drummond, 785 So. 2d 358 (Ala. 2000); Parrish v. Parrish, 617 So. 2d 1036 (Ala. Civ. App. 1993); and Montgomery v. Montgomery, 519 So. 2d 525 (Ala. Civ. App. 1987). The issues of property division and alimony are interrelated, and they must be considered together on appeal. Albertson v. Albertson, 678 So. 2d 118 (Ala. Civ. App. 199[5])."

### Analysis

Among other issues, the husband argues that the circuit court, in awarding the wife alimony, failed to make explicit findings required by § 30-2-57, which is titled "Rehabilitative or periodic alimony" and provides, in pertinent part:

"(a) Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:

"(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) The other party has the ability to supply those means without undue economic hardship.

"(3) The circumstances of the case make it equitable.

"(b) If a party has met the requirements of subsection (a), the court shall award alimony in the following priority:

"(1) Unless the court expressly finds that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court expressly finds that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage as provided in subsection (g)."

This court has consistently held that "[t]he legislature has clearly required that an alimony award be either rehabilitative alimony or periodic alimony and that, to award either type of alimony, the trial court must make certain express findings after considering the various factors described in § 30-2-57 ...." Merrick v. Merrick, 352 So. 3d 770, 775 (Ala.

7

Civ. App. 2021). That requirement includes making express findings as to the elements set forth in § 30-2-57(a) "and, if a periodic-alimony award is to be made, a finding 'that rehabilitative alimony is not feasible,' § 30-2-57(b)(1), Ala. Code 1975, based upon the trial court's consideration of the various factors described in § 30-2-57(d) & (f), Ala. Code 1975." Lopez v. Rodriguez, 379 So. 3d 455, 461 (Ala. Civ. App. 2023). We have consistently reversed the judgment and remanded the case when the judgment of the trial court lacked the express findings required by § 30-2-57. See Patrick v. Patrick, 419 So. 3d 555, 557 (Ala. Civ. App. 2024); Robinson v. Robinson, 422 So. 3d 1121, 1126 (Ala. Civ. App. 2025); White v. Jones, 397 So. 3d 569, 571 (Ala. Civ. App. 2024).

In this case, the circuit court awarded the wife $500 per month in periodic alimony for a period of 10 years. However, the divorce judgment contains neither the express findings required by § 30-2-57(a) nor the express finding that rehabilitative alimony is not feasible as required by § 30-2-57(b)(1). As a result, the divorce judgment is due to be reversed on this ground. This court cannot properly review the alimony award otherwise. Merrick, 352 So. 3d at 775. Our holding pretermits any discussion of the husband's postjudgment motion and its potential merit

as well as his argument that the circuit court lacked sufficient evidence to award alimony to the wife. Additionally,

> "[i]n light of our reversal on the alimony issue, we pretermit any discussion regarding the equity of the marital property award because '[t]he issues of property division and alimony are interrelated, and they must be considered together on appeal.' Turnbo v. Turnbo, 938 So. 2d 425, 430 (Ala. Civ. App. 2006). Instead, the trial court is to reconsider the marital-property division in conjunction with any alimony determination."

Lopez, 379 So. 3d at 462. Therefore, the circuit court is directed to reconsider on remand the division of marital property along with its determination of the alimony issue.

### Conclusion

Based on the foregoing, we reverse the judgment of the circuit court and remand the case to the circuit court for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.

9