The defendant, Dora Lee Barren Moore, appeals the judgment of the trial court, based on ore tenus evidence, that partitioned 240.67 acres of land pursuant to Code 1975, § 35-6-20. We affirm.
The issue is whether the evidence in this case, which was tried ore tenus, supported the trial court's conclusion that the land could be equitably partitioned among the plaintiffs and the defendant as co-tenants.
In 1985, plaintiffs John Bruce McNider; Merchants National Bank of Mobile, as successor executor of the estate of Albert Sidney Johnson; Gregory Oris McNider; William E. Downey; and Erlene S. Downey filed an action for an equitable partition of certain land in Clarke County; named as defendants were Dora Lee Barren Moore; Johnny Barren; Viola Barren; Bernest Barren; Ollie Mae B. Patterson; Elsie B. Rambo; the widow; heirs at law and next of kin of Ernest Lee Barren; and any unknown persons claiming an interest in the subject property.
The land consisted of both open land and timberland. Appellant, Ms. Moore, contended that the property could not be equitably partitioned and must be sold for a division of the proceeds. At trial, several expert witnesses for the plaintiffs testified that the property could be fairly and equitably partitioned because the general physical characteristics and the values of the open land and the timberland were much the same. The plaintiffs' expert witnesses were a trust officer of a large bank, who *Page 1029 
was an expert in dividing property; a real estate broker and appraiser; and a geologist. Plaintiff John McNider testified that he had made significant improvements to the property by constructing drainage ditches, moving earth, planting trees, and maintaining the pastures. The plaintiffs also testified that they had no objection to allowing Ms. Moore to keep the plot of land upon which her house, pig pens, and chicken coop were located if the property was partitioned.
Ms. Moore testified that part of the land was "swamp land," which she said, made a partition of the land inequitable. However, on cross-examination, Ms. Moore's daughter, Golina Blanks, stated that "sometimes it (flooding) happens every year, then again it don't." Ms. Moore's defense also raised a 1968 judgment of the circuit court that ruled that the subject property could not be equitably partitioned among the 19 parties involved in that litigation. Ms. Moore claimed that the improvements that John McNider had made were minor and that the land was essentially the same as it was in 1968.
In January 1989, the trial judge entered the following order after the trial:
 "This cause coming on to be heard on March 3rd and 4th, 1987, and it appearing to the Court that all the joint owners were properly notified of this petition; and after the Court having heard testimony in open Court before the Court and the Court having heard, understood and considered the legal and material evidence and legal briefs offered in this cause, finds that the entire fee simple interest and title to the real estate described in the complaint is owned by the parties in this cause as follows: That John Bruce McNider owns a 59.98 percent interest in the surface rights of said property; First Alabama Bank as Successor Executor of the Estate of Albert Sidney Johnson owns a 16.62 percent interest in the surface rights of said property; Gregory Oris McNider owns a 20.00 percent interest in the surface rights of said property; Dora Lee Barren Moore owns a .91 percent interest in the surface rights of said property, and Johnnie Barren, Viola Barren, Bernest Barren, Ollie Mae B. Patterson, Elsie B. Rambo, and the widow and heirs at law and next of kin of Ernest Lee Barren, deceased, own a 2.49 percent interest in the surface rights of said property; and the oil, gas and other mineral ownership of the parcels made a subject of this cause are as follows: John Bruce McNider owns 49.98 percent; First Alabama Bank as Successor Executor of the Estate of Albert Sidney Johnson owns 16.62 percent; Gregory Oris McNider owns 20.00 percent; Dora Lee Barren Moore owns .91 percent; Johnnie Barren, Viola Barren, Bernest Barren, Ollie Mae B. Patterson, Elsie B. Rambo and the widow and heirs at law and next of kin of Ernest Lee Barren, deceased, own an undivided 2.49 percent interest, and William E. Downey and Erlene S. Downey own 10.00 percent; and due regard having been given to the quality of the soil and other advantages the Court has determined that said property can be fairly and equitably partitioned in kind among the joint owners thereof, and the partition of said property is to the best interest of all of the joint owners of said property. . . ."
On appeal, Ms. Moore argues that the judgment of the trial court is "clearly erroneous" because her testimony and that of Ms. Blanks showed that a large portion of the land was under water during the spring of any given year and that their testimony was supported by that of the plaintiffs' geology expert, who admitted that 25% of the land was under water at the particular time he had seen the property. In rebuttal, the appellees argue that the evidence supports the judgment of the trial court and that Ms. Moore has failed to show that the judgment was clearly erroneous.
Where a trial court has heard ore tenus testimony,
 "its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found *Page 1030 
to be plainly and palpably wrong. . . . Of course, this rule is without application when the trial court erroneously applies the law to the facts before it." McInnis v. Lay, 533 So.2d 581, 582
(Ala. 1988) (citations omitted).
We have reviewed the record of this proceeding, and we conclude that the judgment of the trial court is supported by the evidence and that the appellant has failed to prove that the judgment is plainly and palpably wrong. Therefore, finding no error in law, we affirm the judgment.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.