818 So.2d 396 (2000)
Jackie McNeal DURBIN
v.
Marshall B. DURBIN, Jr.
2990185.
Court of Civil Appeals of Alabama.
December 1, 2000.
Rehearing Denied January 12, 2001.
*397 Randall W. Nichols and Anne D. Lamkin of Massey & Stotser, P.C., Birmingham, for appellant.
Bruce L. Gordon of Gordon, Silberman, Wiggins & Childs, P.C., Birmingham; and L. Drew Redden of Redden, Mills & Clark, Birmingham, for appellee.
CRAWLEY, Judge.
Jackie McNeal Durbin ("the wife") appeals from a judgment divorcing her and Marshall B. Durbin, Jr. ("the husband"). She argues that the trial court erred in its division of marital property and in its award of periodic alimony.
The parties were married in 1982; they separated in 1997 and were divorced in 1999. Each had been married and divorced before. No children were born of the marriage. The wife has an adult son from her prior marriage, and the husband has two adult daughters from his prior marriage. At the time of trial, the wife was 56 years old and the husband was 68 years old. The husband is the chief executive officer and 80% majority shareholder of Marshall Durbin Food Corporation ("MDFC"). During the marriage, the husband's income was derived from a salary from MDFC, stock dividends and director's fees from Compass Bancshares, Inc. ("Compass"), and other investment income. The wife did not work outside the home during the marriage. She has a degree in elementary education from the University of Alabama; she taught school during her first marriage, but she has not taught for 30 years and has not been otherwise employed for 20 years.
*398 The husband ceased drawing a salary from MDFC in April 1997 and since then has lived on his income from Compass stock dividends. The husband's income during the years the parties were married is reflected below:

 Other Total Gross
 MDFC Salary Income Income
1982 $ 65,000.00
1983 67,500.00
1984 161,538.45
1985 149,999.98
1986 399,999.98
1987 658,622.98
1988 306,957.98
1989 244,087.53
1990 300,410.00
1991 281,125.73 $391,210.27 $ 672,327.00
1992 327,326.70 339,177.30 666,504.00
1993 333,338.20 522,135.80 855,474.00
1994 310,260.20 361,887.80 672,148.00
1995 327,524.70 938,648.30 1,266,173.00
1996 313,620.00 524,915.00 838,535.00
1997 84,880.46 291,510.54 376,391.00
1998 -0- 265,629.00 265,629.00

The trial court ordered that the parties' two residencesa mortgage-free home and an adjoining lot in Mountain Brook valued at $500,000, and a lake house at Willow Point in Alexander City, valued at between $325,000 and $500,000, with an encumbrance of $229,000be sold and the proceeds divided equally between the parties. The trial court ordered the husband to pay the remaining balance on the Willow Point note and mortgage. The wife was awarded investment and checking accounts containing approximately $530,000, a $450,000 share of the husband's 401(k) account, Compass stock worth $779,379.45, and one-half of the husband's $200,000 partnership subscription in River Capital Partners II. The wife was also awarded $4,500 per month in periodic alimony. Each party was awarded the vehicle in his or her possession as well as furniture, furnishings, personal, and household items. The husband was ordered to pay the wife an attorney fee of $145,000. He was also ordered to pay the wife's health-insurance premiums for three years pursuant to COBRA.
The husband was awarded all of his interest in MDFC;[1] Compass stock worth $6,699,336; a Cessna Citation airplane worth $900,000 and a hangar at Birmingham Airport worth $100,000; investment and checking accounts containing approximately $418,000; and a 401(k) account valued (after deducting the wife's award) at approximately $900,000. In addition, the husband was awarded 200-300 acres of timberland, valued at $100,000, and stock in Marsh Foods worth $8,000, both of which were acquired before the marriage.
The husband's award (exclusive of his interest in MDFC, the timberland, and the Marsh Foods stock) totals approximately $9 million, or slightly over 80%, and the wife's award totals $2.2 million, or slightly less than 20%, of the marital estate. The wife argues that the trial court's division of marital property was erroneous, because, she claims, the court incorrectly treated the husband's interest in MDFC and the Compass stock as his separate property.
Our standard of review with respect to the trial court's division of marital property is well settled:
"In reviewing a judgment in a divorce case in which the trial court was presented conflicting evidence ore tenus, we are governed by the ore tenus rule. Under this rule, the trial court's judgment will not be disturbed on appeal unless it is plainly and palpably wrong. Matters of property division rest soundly within the trial court's discretion and its determination regarding those matters will not be disturbed on appeal unless *399 its discretion was plainly and palpably abused."
Golden v. Golden, 681 So.2d 605, 608 (Ala. Civ.App.1996) (internal citation omitted). Issues of alimony and property division must be considered together, and the trial court's judgment will not be disturbed absent a finding that it is so unsupported by the evidence that it amounts to an abuse of discretion. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App.1993).
"A division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. When dividing marital property, a trial court should consider several factors, including the length of the marriage; the age and health of the parties; the future prospects of the parties; the source, type and value of the property; the standard of living to which the parties have become accustomed during the marriage; and the fault of the parties contributing to the breakup of the marriage."
Golden v. Golden, 681 So.2d at 608 (internal citation omitted). "Questions of law are not subject to the ore tenus standard of review." Reed v. Board of Trustees for Alabama State Univ., 778 So.2d 791, 793 n. 2 (Ala.2000), and a trial court's conclusions on legal issues carry no presumption of correctness on appeal. Ex parte Cash, 624 So.2d 576, 577 (Ala.1993) ("[I]n ore tenus proceedings, this standard of review is applicable only to the trial court's findings of fact, not its conclusions of law"); Moore v. McNider, 551 So.2d 1028 (Ala.1989); Williams v. Nearen, 540 So.2d 1371 (Ala. 1989); League v. McDonald, 355 So.2d 695 (Ala.1978). We review de novo the application of the law to the facts. Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala. 1996).

The Husband's Interest in MDFC
The wife argues that the trial court erred by treating the husband's interest in MDFC as his separate property and not considering it in the division of marital assets. Section 30-2-51(a), Ala.Code 1975, provides:
"If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage."

(Emphasis added.) The husband acquired all of his MDFC stock by inheritance or gift from his parents before the marriage. It is undisputed that no income produced by the husband's MDFC stock was used for the common benefit of the parties during the marriage. Nevertheless, the wife argued at trial and now maintains on appeal that she was entitled to a portion of the value of the corporation, because, she insists, income produced by the corporation was "used regularly for the common benefit of the parties during their marriage."
In the circuit court, the parties spent considerable time attempting to establish the value of the corporation. The husband presented expert testimony indicating that the corporation should be valued by using its "market value" or "liquidation value," rather than its "book value." Using those *400 standards, the husband's experts valued MDFC from a low of $4.5 million to a high of $8 million. The wife, on the other hand, presented expert testimony tending to show that the corporation should be judged by its "book value" and that, using that yardstick, the value of MDFC exceeded $33 million.
We need not decide which of the valuation methods was appropriate because we conclude that the trial court correctly determined that the corporation was not marital property. A corporation is a separate entity, a legal being having an existence separate and distinct from that of its stockholders, officers, or directors. Krivo Indus. Supply Co. v. National Distillers & Chem. Corp., 483 F.2d 1098 (5th Cir.1973). Property representing the capital of a corporation is "owned" by the corporation and not by its shareholders. Warrior River Terminal Co. v. State, 257 Ala. 208, 58 So.2d 100 (1952). Thus, the corporate entity MDFC is not the husband's "property" for purposes of analysis under § 30-2-51(a). Instead, the husband's "property" is his stock in MDFC. It is undisputed that all of the husband's stock in MDFC was acquired by inheritance or gift prior to the marriage and that it was not used for the common benefit of the parties during the marriage.
James v. James, 764 So.2d 549 (Ala.Civ. App.), reversed on other grounds, Ex parte James, 764 So.2d 557 (Ala.1999), cited by the wife in support of her contention that income from the corporation was used for the common benefit of the parties during the marriage, is distinguishable on its facts. In James, this court agreed with the wife's argument that "money from [the husband's] companies was regularly used for the benefit of the marriage." Although the specific testimony is not included in the reported opinion in James, this court takes judicial notice of its own records, see International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Hatas, 287 Ala. 344, 353, 252 So.2d 7, 14 (1971), and we have consulted the transcript in James in response to the wife's argument. The record in James shows that the husband regularly endorsed over to the wife large checks made payable to the husband's Subchapter S corporation; the wife then used the funds for family and household purposes. In the present case, there was no similar transfer of corporate funds.
The wife argues that income produced by MDFC was used for the parties' common benefit during the marriage because MDFC paid the husband's salary and paid for other "perks," such as country-club initiation fees and dues, a skybox at the University of Alabama football stadium, and gasoline and insurance for vehicles driven by the parties. As we have explained, however, the stock in the corporation rather than the corporation itselfis the husband's property. The husband's MDFC stock should not have been considered in the division of marital property because it is the husband's separate estate. The trial court could have found from the evidence that the husband drew a salary from MDFC and received other "perks" as additional compensationnot as a consequence of his owning stock in MDFC, but of his being employed by the corporation as its chief executive officer.
The wife points out that MDFC greatly appreciated in value during the 17 years the parties were married; she contends that the amount of the appreciation is, itself, a marital asset in which she is entitled to share upon dissolution of the marriage. She cites no authority in support of her contention, and we find no *401 Alabama authority supporting it.[2]
Section 30-2-51(a) states a single circumstance that, if found by the trial court, authorizes the court to treat nonmarital property as marital property, namely: when that "property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage." The trial court implicitly found that the § 30-2-51(a) circumstance was not present with respect to the husband's MDFC stock, and that finding is fully supported by the record.

The Husband's Compass Bancshares Stock
Before the marriage, the husband had acquired 18,016 shares of Compass stock. Over the years, those shares have increased through stock splits. At the time of trial, the husband owned 239,262 shares of Compass stock trading at $28 per share, for a total value of $6,699,336. It is undisputed that, although these Compass shares were acquired before the parties' marriage, the husband has, since 1990, deposited the dividends paid on these shares into his personal checking account. From his personal checking account, the husband has paid household bills and expenses and has given the wife a monthly expense allowance. Thus, the trial court should have considered the 239,262 shares of Compass stock as marital property because, although the stock was acquired before the marriage, the income from the stock was regularly used for the common benefit of the parties during the marriage. See Drummond v. Drummond, 785 So.2d 353 (Ala.Civ.App.1999), reversed, 785 So.2d 358 (Ala.2000); Bushnell v. Bushnell, 713 So.2d 962 (Ala.Civ.App.1997); Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App.1980).
During the marriage, the husband acquired additional Compass shares through his participation in a "Monthly Investment Program" or MIP plan. Under the MIP plan, the director's fees received by the husband for serving on the Compass board of directors were used to purchase additional shares of stock. The husband acquired approximately 55,670 additional shares of Compass stock through his participation in the MIP plan. According to the husband, the additional shares earned dividends, but those dividends were not deposited with the other Compass dividends into his personal checking account. The dividends on the MIP shares were, according to the husband, "left in the [MIP] plan."
The Compass stock in the MIP plan was marital property because, even though the income from the stock was not used for the common benefit of the parties during the marriage, the stock itself was acquired during the marriage. The trial judge obviously determined that the Compass stock in the MIP plan was marital property, because he awarded the wife one-half of it. The trial court's judgment does not specifically state that it excluded the 239,262 shares of non-MIP Compass stock from the marital estate by virtue of § 30-2-51(a), but it does award the husband all non-MIP Compass stock.
It appears that the trial court did not consider the non-MIP Compass stock in its division of marital property. If that is true, then the trial court erred in applying the law to the facts. See Drummond v. *402 Drummond, supra. The trial court's judgment makes no specific finding as to misconduct by either party or any other equitable consideration that affected its failure to award the wife a portion of the Compass stock. See, e.g., Drummond v. Drummond, supra,; Smith v. Smith, 727 So.2d 113 (Ala.Civ.App.1998). Moreover, in contrast to Drummond, in this case there was no evidence of misconduct by the wife that could have accounted for the trial court's failure to award her a more equitable share of the marital property. If the trial court did consider the non-MIP Compass stock in its division of marital property but chose, in its discretion, not to award the wife a portion of the stock (or other assets of comparable value), then we conclude that the division of property is inequitable and that the trial court abused its discretion. Id. Therefore, we reverse the judgment and remand the cause with instructions for the trial court to treat all of the husband's personal Compass stock[3] as marital property and to reconsider its division of the marital assets. Because we consider an award of alimony together with the division of marital property, Parrish v. Parrish, supra, we need not discuss the propriety of the periodic-alimony award at this time.
The wife's request for an attorney fee on appeal is granted in the amount of $7,500. The husband's request for an attorney fee is denied.
REVERSED AND REMANDED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in part and dissent in part.
MONROE, Judge, concurring in part and dissenting in part.
I would affirm the judgment of the trial court on all issues; therefore, I respectfully dissent from those parts of the majority's opinion reversing the judgment of the trial court and remanding this cause for the trial court to take further action.
The majority reverses the judgment of the trial court and remands this cause for the trial court to treat all of the husband's personal Compass stock as marital property and to reconsider it in its division of the martial assets.
Section 30-2-51, Ala.Code 1975, reads, in pertinent part:
"(a) If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage."
The majority finds that the Compass shares obtained before the marriage were used for the common benefit of the marriage. There is evidence to support this conclusion; however, I do not agree with the majority that the trial court was, therefore, required to include the Compass shares in its property division.
*403 In Drummond v. Drummond, 785 So.2d 358 (Ala.2000), the Alabama Supreme Court stated that under § 30-2-51, a trial court may in certain circumstances consider inheritances or gifts when making a property division. The Court further stated:
"[N]othing in the statute states that if one party's inheritance or gifts are used for the parties' common benefit then the trial judge must consider the inheritance or gifts when making the property division. In fact, the statute leaves such a determination to the discretion of the trial judge."
785 So.2d at 362. In this case, the wife was given ample assets, which totaled over $2 million. She also received $145,000 for attorney fees and $4,500 for monthly periodic alimony which is to continue until she remarries or dies. Considering these awards, I cannot say the trial court would have abused its discretion by not considering the Compass shares in its property division, if, in fact, it did not consider them.
Nothing indicates that the trial court did not consider the shares in making the property division. I disagree with the majority opinion's statement that if the court did "consider the non-MIP Compass stock in its division of marital property but chose, in its discretion, not to award the wife a portion of the stock," the division of property is inequitable and the court abused its discretion. 818 So.2d at 402.
In a divorce case, the division of property is an issue committed to the sound discretion of the trial court. Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App.1991). Further, the trial court's judgment regarding a property division will not be disturbed on appeal unless it is shown that the trial court plainly and palpably abused its discretion or unless it is shown that the trial court's determination is clearly and obviously wrong. Peck, 581 So.2d 1119. Additionally, I note that when reviewing a trial court's judgment based upon ore tenus evidence presented in a nonjury case, this court must presume the judgment to be correct. Id.
The law does not require that a property division be equal, only that it be equitable, under all the circumstances of the particular case. Edge v. Edge, 628 So.2d 634 (Ala.Civ.App.1993). The determination as to what is equitable rests within the sound discretion of the trial court. Drummond, supra. Furthermore, the fact that a property division is more favorable to one spouse than to the other does not, in and of itself, indicate an abuse of discretion. Sutton v. Sutton, 625 So.2d 817 (Ala.Civ. App.1993).
Each party had children by a prior marriage, each was gainfully employed before the marriage, and each is in relatively good health. Although the wife did not work during the marriage, she has a college degree and held a teaching certificate before the marriage. The trial court awarded the wife over $2 million in assets and $4,500 in monthly alimony.
After reviewing of the voluminous record, I conclude that the trial court did not plainly or palpably abuse its discretion in its division of the parties' property or in its award of alimony. The matters the wife complains of concerning periodic alimony and the division of property are matters that lie soundly within the discretion of the trial court, and its judgment on those matters will not be disturbed on appeal, except where its discretion was palpably abused. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Furthermore, even if this court would have ruled differently, absent an abuse of discretion this court has no authority to substitute its judgment for that of the trial court. Beckwith *404 v. Beckwith, 475 So.2d 575 (Ala.Civ. App.1985).
ROBERTSON, P.J., concurs.
NOTES
[1] See the section styled "The Husband's Interest in MDFC," infra, for valuation evidence relating to MDFC.
[2] Some jurisdictions have recognized that the appreciated value of a spouse's separate assets may be included in the marital estate. See, e.g., Innerbichler v. Innerbichler, 132 Md. App. 207, 752 A.2d 291 (2000); Hanaway v. Hanaway, 208 Mich.App. 278, 527 N.W.2d 792 (1995), appeal denied, 451 Mich. 874, 549 N.W.2d 565 (1996); A & L, Inc. v. Grantham, 747 So.2d 832 (Miss.1999). We note, however, that the wife's argument would be unconvincing even in those jurisdictions.
[3] The husband's personal Compass stock, of course, does not include the Compass stock owned by MDFC. The corporation's 833,383 shares of Compass stock are not marital assets.