Marshall B. Durbin, Jr. ("the husband"), and Jackie McNeal Durbin ("the wife") were divorced by the Jefferson Circuit Court. The wife appealed from the divorce judgment, arguing that the trial court erred in its division of the marital property and in its award of periodic alimony.
The Court of Civil Appeals reversed the judgment of the trial court and remanded the case "with instructions for the trial court to treat all of the husband's personal Compass [Bancshares, Inc.] stock as marital property and to reconsider its division of the marital assets." Durbin v.Durbin, 818 So.2d 396, 402 (Ala.Civ.App. 2000) (footnote omitted). The Court of Civil Appeals overruled the husband's application for rehearing on January 12, 2001.
The husband petitioned for certiorari review, which we granted on April 17, 2001. In his petition, he argues that the decision of the Court of Civil Appeals conflicts with this Court's decision in Ex parte Drummond,785 So.2d 358 (Ala. 2000). We have determined that it does conflict. Therefore, we reverse the judgment of the Court of Civil Appeals and remand the case.
 Facts
The trial court's judgment followed a lengthy trial. The facts of the case were summarized in the Court of Civil Appeals' opinion:
 "The parties were married in 1982; they separated in 1997 and were divorced in 1999. Each had been married and divorced before. No children were born of the marriage. The wife has an adult son from her prior marriage, and the husband has two adult daughters from his prior marriage. At the time of trial, the wife was 56 years old and the husband was 68 years old. The husband is the chief executive officer and 80% majority shareholder of Marshall Durbin Food Corporation (`MDFC'). During the marriage, the husband's income was derived from a salary from MDFC, stock dividends and director's fees from Compass Bancshares, Inc. (`Compass'), and other investment income. The wife did not work outside the home during the marriage. She has a degree in elementary education from the University of Alabama; she taught school during her first marriage, but she has not taught for 30 years and has not been otherwise employed for 20 years.
 "The husband ceased drawing a salary from MDFC in April 1997 and since then has lived on his income from Compass stock dividends. . . . [A chart showing the husband's salary during the years of the marriage is included in the Court of Civil Appeals' opinion.]
 "The trial court ordered that the parties' two residences — a mortgage-free home and an adjoining lot in Mountain Brook valued at $500,000, and a lake house at Willow Point in Alexander City, valued at between $325,000 and $500,000, with an encumbrance of $229,000 — be sold and the proceeds divided equally between the parties. The trial court ordered the husband to pay the remaining balance on the Willow Point note and mortgage. The wife was awarded investment and checking accounts containing approximately $530,000, a $450,000 share of the husband's 401(k) account, Compass stock worth $779,379.45, and one-half of the husband's $200,000 partnership subscription in River Capital Partners II. The wife was also awarded $4,500 per month in periodic alimony. Each party was awarded the vehicle in his or her possession as well as furniture, furnishings, personal, and household items. The husband was ordered to pay the *Page 406 
 wife an attorney fee of $145,000. He was also ordered to pay the wife's health-insurance premiums for three years pursuant to COBRA.
 "The husband was awarded all of his interest in MDFC; Compass stock worth $6,699,336; a Cessna Citation airplane worth $900,000 and a hangar at Birmingham Airport worth $100,000; investment and checking accounts containing approximately $418,000; and a 401(k) account valued (after deducting the wife's award) at approximately $900,000. In addition, the husband was awarded 200-300 acres of timberland, valued at $100,000, and stock in Marsh Foods worth $8,000, both of which were acquired before the marriage.
 "The husband's award (exclusive of his interest in MDFC, the timberland, and the Marsh Foods stock) totals approximately $9 million, or slightly over 80%, and the wife's award totals $2.2 million, or slightly less than 20%, of the marital estate. . . ."
818 So.2d at 397 -98 (footnote omitted; emphasis added).
On appeal before the Court of Civil Appeals, the wife argued that the trial court erred by treating the husband's interest in Marshall Durbin Food Corporation ("MDFC") as his separate estate and not considering it in the division of marital assets. The Court of Civil Appeals held that the trial court correctly determined that the corporation itself was not marital property, and therefore that the trial court did not err in refusing to treat the MDFC stock as marital property, because the husband had acquired all of that stock by inheritance or gift before the parties' marriage and it had not been used for the common benefit of the parties during the marriage.
As the Court of Civil Appeals noted, the trial court awarded some of the Compass stock to each party. The husband had acquired the Compass stock before the marriage:
 "Before the marriage, the husband had acquired 18,016 shares of Compass stock. Over the years, those shares have increased through stock splits. At the time of trial, the husband owned 239,262 shares of Compass stock trading at $28 per share, for a total value of $6,699,336. It is undisputed that, although these Compass shares were acquired before the parties' marriage, the husband has, since 1990, deposited the dividends paid on these shares into his personal checking account. From his personal checking account, the husband has paid household bills and expenses and has given the wife a monthly expense allowance."
818 So.2d at 401. The trial court awarded the husband all of the Compass stock that had been acquired before the marriage.
The husband acquired additional Compass shares during the marriage:
 "During the marriage, the husband acquired additional Compass shares through his participation in a `Monthly Investment Program' or MIP plan. Under the MIP plan, the director's fees received by the husband for serving on the Compass board of directors were used to purchase additional shares of stock. The husband acquired approximately 55,670 additional shares of Compass stock through his participation in the MIP plan. According to the husband, the additional shares earned dividends, but those dividends were not deposited with the other Compass dividends into his personal checking account. The dividends on the MIP shares were, according to the husband, `left in the [MIP] plan.'" *Page 407 
818 So.2d at 401. The trial judge awarded the wife one-half of the Compass stock that the husband acquired during the marriage.
The Court of Civil Appeals held that the trial court should have considered as marital property the Compass stock that was obtained before the marriage ("the non-MIP Compass stock"):
 "[T]he trial court should have considered the 239,262 shares of Compass stock as marital property because, although the stock was acquired before the marriage, the income from the stock was regularly used for the common benefit of the parties during the marriage. See Drummond v. Drummond, 785 So.2d 353 (Ala.Civ.App. 1999), reversed, 785 So.2d 358 (Ala. 2000); Bushnell v. Bushnell, 713 So.2d 962 (Ala.Civ.App. 1997); Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App. 1980)."
818 So.2d at 401. In reversing the trial court's judgment and instructing it to treat all of the Compass stock as marital property when it reconsiders its division of the marital assets, the Court of Civil Appeals stated:
 "It appears that the trial court did not consider the non-MIP Compass stock in its division of marital property. If that is true, then the trial court erred in applying the law to the facts. See Drummond v. Drummond, supra. . . . If the trial court did consider the non-MIP Compass stock in its division of marital property but chose, in its discretion, not to award the wife a portion of the stock (or other assets of comparable value), then we conclude that the division of property is inequitable and that the trial court abused its discretion."
818 So.2d at 401-02.
 Standard of Review
In Ex parte Drummond, we described the relevant standard of review:
 "`The standard appellate courts apply in reviewing a trial court's judgment awarding alimony and dividing property is well established:
 "`A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). Moreover, issues of alimony and property division must be considered together, and the trial court's judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id.'
 "Morgan v. Morgan, 686 So.2d 308, 310 (Ala.Civ.App. 1996). More recently, the Court of Civil Appeals has stated:
 "`The trial court has wide discretion over alimony and the division of property, and it may use whatever means are reasonable and necessary to equitably divide the parties' property. Grimsley v. Grimsley, 545 So.2d 75, 77 (Ala.Civ.App. 1989). Its judgment is presumed correct and will not be reversed unless it is so unsupported by the evidence . . . as to be unjust and palpably wrong. Grimsley, 545 So.2d at 76. However, that judgment is subject to review and revision. Moody v. Moody, 641 So.2d 818, 820 (Ala.Civ.App. 1994). This court must consider the issues of property division and alimony together when reviewing the decision of the trial court, Albertson v. Albertson, 678 So.2d 118, 120
(Ala.Civ.App. 1996), and, because the facts and circumstances of each divorce are different, this court must also consider the particular facts and circumstances of the case being reviewed. Murphy v. Murphy, 624 So.2d 620, 623 (Ala.Civ.App. 1993).' *Page 408 
 "Bushnell v. Bushnell, 713 So.2d 962, 964-65
(Ala.Civ.App. 1997)."
785 So.2d at 360-61.
 Discussion
The dispositive issue is whether the trial court abused its discretion in not awarding the wife a portion of the non-MIP Compass stock or other assets of comparable value. We hold that the wife has not shown that the trial court abused its discretion in dividing the marital assets, including the non-MIP Compass stock.
In claiming that she is entitled to a portion of the non-MIP Compass stock, the wife claims that the trial court did not consider that stock to be an asset of the marriage and, therefore, that it did not consider the stock in its division of marital property. The Court of Civil Appeals agreed that "[i]t appears that the trial court did not consider the non-MIP Compass stock in its division of marital property."818 So.2d at 401. However, nothing in the record indicates that the trial court did not consider that stock when it made its ruling, even though it was not required to do so.
The relevant statute is § 30-2-51(a), Ala. Code 1975. The statute reads:
 "(a) If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage."
(Emphasis added.) Although the income produced by the stock acquired by the husband before the marriage was "used regularly for the common benefit of the parties during their marriage," the statute did not require the trial judge to consider the stock in making the property division. Instead, such a determination was left to the discretion of the trial judge, as we discussed in Ex parte Drummond:
 "Section 30-2-51 states that if a party does not use his or her inheritance or gifts for the common benefit of the parties to the marriage, then the trial judge may not consider the inheritance or gifts when making a property division. Nothing in the statute states that if one party's inheritance or gifts are used for the parties' common benefit then the trial judge must
consider the inheritance or gifts when making the property division. In fact, the statute leaves such a determination to the discretion of the trial judge. `[T]he judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family.' Section 30-2-51(a), Ala. Code 1975."
785 So.2d at 362. Therefore, the Court of Civil Appeals erred when it held that "the trial court erred in applying the law to the facts" if "the trial court did not consider the non-MIP Compass stock in its division of marital property." 818 So.2d at 402.
"`[P]roperty divisions are not required to be equal, but must be equitable in light of the evidence, and the determination as to what is equitable rests within the sound discretion of the trial court.'" Morganv. Morgan, 686 So.2d 308, 310 (Ala.Civ.App. 1996) (quoting Duckett v.Duckett, *Page 409 
669 So.2d 195, 197 (Ala.Civ.App. 1995)). The wife contends that "the award of the trial court, while objectively generous, is inequitable in light of" its failure to award to her a portion of the non-MIP Compass stock. Brief of Respondent, at 21. The Court of Civil Appeals agreed that the trial court abused its discretion in not awarding to the wife a portion of the non-MIP Compass stock or other assets of comparable value. However, we cannot say that the trial court abused its discretion. The wife was awarded assets worth at least $2.2 million; $4,500 in monthly alimony; an attorney fee of $145,000; and the payment of her health-insurance premiums for three years. We must remember that "[w]e are authorized to disturb the trial court's decision only if it is unsupported by the evidence and, therefore, is unjust and palpably wrong." Grimsley v. Grimsley, 545 So.2d 75, 76 (Ala.Civ.App. 1989). It is not for an appellate court to substitute its judgment for that of the trial court. We conclude that the trial court did not plainly or palpably abuse its discretion in dividing the parties' property as it did. Therefore, we reverse the judgment of the Court of Civil Appeals insofar as that judgment reversed a portion of the trial court's judgment, and we remand the case to the Court of Civil Appeals for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Houston, See, Brown, Johnstone, Harwood, and Stuart, JJ., concur.