[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 979 
Russell Allen Killingsworth ("the husband") appeals from a judgment divorcing him from Carolyn Ann Killingsworth ("the wife"). We affirm in part, reverse in part, and remand.
At the time of the trial, the husband was 55 years old and the wife was 51 years old. They were married in 1972 and have three adopted children, all of whom were adults or married at the time of the trial.
The husband has worked for the Alabama Department of Public Health for over 30 years. His annual salary is approximately $81,998, resulting in a gross monthly salary of approximately $6,833. According to the husband's testimony, his living expenses are approximately $4,532 per month.
The wife works for the Dale County Board of Education. Her annual salary is approximately $32,000, resulting in a gross monthly salary of approximately $2,667. The wife's living expenses include utilities, gas and oil for her vehicle, and her satellite television bill; however, the record contains no evidence of the amount of those particular expenses or of the total amount of her monthly expenses.
The husband is a vested participant in the Employees' Retirement System of Alabama ("ERS"). When he retires, he will have a substantial retirement income from ERS. The husband testified that he did not know the amount of his monthly retirement benefit, which will be based on (1) the average of his highest 3 years' salaries during the last 10 years that he works, and (2) the length of his service. The husband *Page 980 
does not know when he will retire and begin receiving state retirement benefits.
The husband will also receive military retirement benefits based on 23 years of service in the Alabama National Guard. The husband does not know the amount of his military retirement benefits, nor does the record reveal when he will be eligible to begin receiving those benefits.
The wife is a participant in the Teachers' Retirement System of Alabama ("TRS"). She has worked for the Dale County Board of Education for six or seven years and has paid into the TRS. The wife previously worked for a judge in Dale County and participated in the ERS in that job. When she quit working for the judge, she cashed in her ERS retirement. She will be required to make a lump-sum payment of $11,032.40 to repurchase the full ERS retirement credits that she cashed in. The record does not reveal whether the wife's retirement benefits are vested, when she will be eligible to begin receiving those benefits, or the amount of those benefits.
On January 1, 2004, after this action was filed, the husband elected to participate in the ERS's Deferred Retirement Option Plan ("DROP"). DROP provides an incentive for certain long-term state employees to continue working after they become eligible to retire. During an employee's participation in DROP (a period of between three and five years), the employee's DROP account accumulates a sum representing (1) the monthly retirement income the employee would be eligible to receive if he or she were to retire immediately, plus (2) the employee's regular monthly contributions to the state retirement system (5% of the employee's monthly salary), plus (3) interest on the foregoing amounts, currently at the rate of 4% per annum. Upon completion of the employee's scheduled DROP participation, or upon certain involuntary events, the employee receives the funds accumulated in his or her DROP account.[1] The wife gave testimony to the effect that the husband will accumulate between $200,000 and $300,000 in his DROP account during the agreed-upon period of service.
The husband filed this action on July 30, 2003. The wife filed an answer and a counterclaim. The trial court heard oral testimony and entered its judgment. The husband filed a timely notice of appeal to this court.
The judgment awarded the wife the marital home and its contents, 11 acres of land adjacent to the home, an automobile, and certain personal property. The husband claims that the property awarded to the wife is worth approximately $199,000; however, the wife introduced evidence from which the trial court could have concluded that the property awarded to the wife was worth approximately $164,000. The husband was ordered to pay all of the parties' indebtedness.
The husband received approximately 32 acres of land located across the street from the marital home, a truck, a boat, and certain personal property. The husband argues that the assets he was awarded in the divorce judgment are worth only approximately $91,000, while the amount of debt for which he was ordered to be responsible approximates $129,000. *Page 981 
At trial, based on the duration of the parties' marriage, the cause for divorce asserted by the wife (and discussed, infra), and the other evidence introduced, the wife requested an award of 50% of all of the husband's retirement benefits. The judgment entered by the trial court instead awarded the wife 30% of any retirement benefits the husband will receive through the DROP program, 30% of the retirement benefits the husband will otherwise receive from the state, and 30% of the retirement benefits the husband will receive from the military. Similarly, the husband was awarded 30% of any retirement benefits the wife will receive from the state, to the extent those benefits are based on credits earned during the parties' marriage. In addition, the wife was awarded periodic alimony in the amount of $750 per month.
The husband argues on appeal that the trial court erred in awarding to the wife a portion of the retirement benefits to be accumulated in the husband's DROP account because, he contends, those benefits had not vested at the time the divorce action was filed; that the trial court erred in awarding the wife a share of the husband's "normal" state retirement benefits where there was no evidence of the present value of those benefits;[2] that the distribution of the marital assets was inequitable; and that the award of alimony was an abuse of discretion in light of the parties' relative disposable incomes and the indebtedness the husband was required to pay.
Under the ore tenus rule, "`appellate courts are not allowed to substitute their own judgment for that of the trial court if the trial court's decision is supported by reasonable inferences to be drawn from the evidence.'" Yates v. El Bethel PrimitiveBaptist Church, 847 So.2d 331, 345 (Ala. 2002) (quoting Exparte Pielach, 681 So.2d 154, 155 (Ala. 1996)). The award of alimony and the division of marital property are within the discretion of the trial court, and the judgment of the trial court is presumed correct when evidence is heard ore tenus. Exparte Durbin, 818 So.2d 404, 408 (Ala. 2001). To the extent that the trial court did not make detailed findings of fact, we must assume that "the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous." Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala. 1996).
The award to the wife of a portion of the husband's retirement benefits is governed by Ala. Code 1975, § 30-2-51(b), which authorizes, under certain conditions, a judge to include vested retirement benefits in the equitable distribution of marital property. Smith v. Smith, 836 So.2d 893, 899-900 (Ala.Civ.App. 2002). Section 30-2-51(b) provides as follows:
 "(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
 "(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
 "(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits. *Page 982 
 "(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court."
The husband's first argument is that the award to the wife of a portion of the husband's retirement benefits that will accumulate in his DROP account was in error because those benefits, according to the husband, were not vested at the time the divorce action was filed. The husband's argument misapprehends the nature of DROP benefits. DROP is not a separate retirement program; rather, it is an option made available to certain state employees whose benefits have in fact already vested and who are eligible for immediate retirement. Ala. Code 1975, § 36-27-170(a), which creates DROP, provides that
 "[t]he purpose of DROP is to allow, contractually, in lieu of immediate withdrawal from service and receipt of a retirement allowance, continued employment for a specific period of time, coupled with the deferral of receipt of a retirement allowance. . . ."
(Emphasis added.)
The husband's ERS retirement benefits were vested at the time the present action was filed, and the right to participate in DROP was a part of those vested benefits. In December 2003, while this action was pending, the husband reached age 55 and became eligible to retire immediately and begin receiving retirement benefits. He elected instead to participate in DROP, and thus to defer receipt of his vested retirement benefits. The DROP election did not change the character of the husband's retirement benefits and did not result in a new postdivorce asset that was not subject to distribution in the divorce.
The monthly retirement benefits to be accumulated in the husband's DROP account are the benefits that had already accrued during his employment with the state before the filing of the divorce action, and they are not different in character from retirement benefits paid directly to a retired employee. An employee merely continues to earn his or her regular salary while his or her retirement benefits accumulate in a DROP account. Accordingly, at the conclusion of the required term of service, the husband will receive, on a deferred basis, the retirement benefits that he earned during the course of his marriage, and that he could have begun receiving in January 2004 but for his election to participate in DROP.[3] The trial court therefore did not err in awarding to the wife a portion of those retirement benefits.
The trial court did err, however, by awarding to the wife a portion of that part of the husband's DROP benefits representing the return to the husband of monthly contributions to the state retirement plan (5% of his salary) during the period of his DROP service, plus interest on that amount. Those contributions will be derived from the husband's salary, which will be earned after the filing of the divorce action and, therefore, do not constitute vested benefits subject to division under § 30-2-51.
In addition, we note that there is a possibility that, following the completion of the DROP period, the husband might opt to remain employed by the State of Alabama and, as a result, earn additional "normal" retirement benefits. See Ala. Code 1975, § 36-27-171(c)(3). Any such *Page 983 
additional benefits would, of course, not be earned during the parties' marriage and, therefore, would not be subject to distribution as part of the divorce. See § 30-2-51, Ala. Code 1975. Consequently, the trial court also erred to the extent that its judgment can be construed as awarding to the wife 30% of any such additional retirement benefits earned by the husband following the conclusion of his employment in connection with the DROP program.
The husband contends that the wife failed to establish the present value of his "normal" retirement benefits and thus was not entitled to any portion of those benefits. See Applegate v.Applegate, 863 So.2d 1123 (Ala.Civ.App. 2003); and McAlpine v.McAlpine, 865 So.2d 438 (Ala.Civ.App. 2002). But see Wilkinsonv. Wilkinson, 905 So.2d 1, 3 (Ala.Civ.App. 2004) (Murdock, J., concurring specially).
At trial, the husband did not make the argument he now makes on appeal concerning the lack of sufficient evidence as to the present value of his state retirement benefits; nor did he file a postjudgment motion for a judgment as a matter of law or a postjudgment motion under Rule 59, Ala. R. Civ. P. The husband's only argument at trial concerning retirement benefits was his argument, discussed above, that his DROP benefits would accrue after the divorce action was filed; he made no argument with respect to his retirement benefits other than his DROP benefits. In particular, he did not argue that the wife could not recover a portion of his retirement benefits without proving the present value thereof or raise an issue as to the lack of evidence regarding present value. We will not reverse a trial court based upon an argument not presented to it. Smith v. Equifax Servs.,Inc., 537 So.2d 463, 465 (Ala. 1988). See also New Properties,L.L.C. v. Stewart, 905 So.2d 797, 801-02 (Ala. 2004) (citing,inter alia, Rule 52(b), Ala. R. Civ. P., and holding that "in a nonjury case in which the trial court makes no specific findings of fact, a party must move for a new trial or otherwise properly raise before the trial court the question relating to the sufficiency or weight of the evidence in order to preserve that question for appellate review"); and Gates v. Gates,830 So.2d 746, 751 (Ala.Civ.App. 2002).
Finally, the husband argues on appeal that the trial court abused its discretion in awarding the wife $750 per month in periodic alimony, while also awarding to the wife what he contends is an excessive portion of the marital property. The award of alimony and the division of marital property are to be considered together, and are within the discretion of the trial court. Ex parte Durbin, 818 So.2d at 408. Although the distribution of marital property need not be equal, it must be equitable, and the determination as to what is equitable lies within the sound discretion of the trial court. Ex parteDurbin, 818 So.2d at 408. Factors to be considered in determining an equitable award of alimony and an equitable division of marital property include the parties' respective ages, earning capacities, and future prospects, the parties' standards of living and stations in life, the length of the marriage, the conduct of the parties in regard to the cause of the divorce, and the source, value, and types of marital properties. Rolls v. Rolls, 623 So.2d 744 (Ala.Civ.App. 1993);Crowe v. Crowe, 602 So.2d 441, 443 (Ala.Civ.App. 1992) (fault can be considered in the division of property, even if the divorce is not granted on the basis of fault); and Murray v.Murray, 598 So.2d 921 (Ala.Civ.App. 1992).
At trial, the husband asked the trial court to award to the wife the parties' marital home, while expressing a willingness to remain responsible for the payment *Page 984 
of the approximately $101,000 indebtedness on that home. He also asked the trial court to award to him the 11 acres of land adjacent to the marital home, as well as the 32 acres of land located across the road therefrom. The trial court followed the suggestion of the husband, with the exception of awarding to the wife the 11 acres of land adjacent to the marital home.
After carefully reviewing the record before us, including the evidence of the parties' earning capacities, their future prospects, and the length of their marriage, and also considering the absence of evidence in the record as to such matters as the wife's monthly expenses and the values of the retirement accounts at issue, we cannot conclude that the trial court's judgment is due to be reversed with respect to its alimony award and division of marital property. As noted, an award of alimony and the division of marital property are within the sound discretion of the trial court, and the judgment of the trial court is presumed correct when evidence is heard ore tenus. Ex parte Durbin,818 So.2d at 408. Further, in assessing the evidence presented ore tenus in this case, the trial court was required to and did make credibility determinations to which this court is required to give deference. Amaro v. Amaro, 843 So.2d 787, 790-91
(Ala.Civ.App. 2002).
In addition, the record contains substantial evidence, albeit disputed by the husband, that the husband committed adultery. The trial court could have concluded that adulterous conduct by the husband was a cause for the divorce. As has also already been noted, the conduct of the parties in regard to the cause of the divorce may be considered by the trial court in awarding alimony and making a division of the marital property. While the trial court did not make explicit detailed findings with regard to the issue of the husband's alleged adultery, we assume that "the trial court made those findings necessary to support its judgment." Ex parte Bryowsky, 676 So.2d at 1324.
In light of the foregoing, we reverse the trial court's judgment insofar as it awarded to the wife a portion of the following retirement benefits of the husband: (1) the return to the husband, with interest, of the monthly contribution the husband has made and will continue to make to the state retirement system in connection with his employment by the state following the filing of the divorce action, and (2) retirement benefits, if any, which the husband may accrue as a result of electing to remain employed by the State of Alabama after completing the term of service required of him in connection with his participation in the DROP program. In all other respects, the judgment of the trial court is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, P.J., and BRYAN, J., concur in the result, without writing.
[1] The funds in the DROP program are either paid to the employee in a lump sum or rolled over into a qualified retirement plan, such as an individual retirement account.
In the event the employee voluntarily terminates his or her participation in DROP, the employee receives his or her monthly contributions, plus interest, but any deferred retirement income that has accumulated in the DROP account is forfeited.
[2] The husband does not assert that the trial court erred in awarding the wife a portion of his military retirement benefits. The wife did not cross-appeal with respect to the award to the husband of 30% of her retirement benefits.
[3] If the husband leaves his employment with the state before his DROP period ends, he will immediately begin receiving directly the same retirement benefits that he would otherwise continue to accumulate in his DROP account.