THOMPSON, Presiding Judge,
concurring in part and dissenting in part.
The trial court awarded Lauren L. Dam-rich (“the wife”) rehabilitative alimony in the amount of $2,500 a month for two years and reserved the issue of periodic alimony. I believe that, given the facts of this cáse, the trial court abused its discretion by refusing to award the wife periodic alimony from the outset.
Rehabilitative alimony and periodic alimony serve two distinct purposes. Rehabilitative alimony is intended to provide support for a dependent spouse for a limit *883 ed period of reeducation or retraining following a divorce so that the dependent spouse may gain skills to become self-sufficient. Enzor v. Enzor, 98 So.3d 15, 21 (Ala.Civ.App.2011). Periodic alimony, on the other hand,
“ ‘is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse].’' [Hager v. Hager], 293 Ala. [47] at 55, 299 So.2d [743] at 750 [ (1974) ]. Its purpose ‘is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed diming the marriage, until that ' spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage.’ O’Neal v. O’Neal, 878 So.2d 161, 164 (Ala.Civ.App.1996) (emphasis added).”
TenEyck v. TenEyck, 885 So.2d 146, 152 (Ala.Civ.App.2003).
I recognize that “[t]he phrase from O’Neal, 678 So.2d at 164 [quoted above in TenEyek ], ‘to the extent possible’ recognizes that both former spouses will have to live on substantially less,'income” after a divorce. Gates v. Gates, 830 So.2d 746, 750 (Ala.Civ.App.2002). There are a number of factors a trial court must consider when determining whether to award periodic alimony.
“‘In exercising its discretion, the trial comí is guided by equitable considerations. See Killingsworth v. Killingsworth, 925 So.2d 977, 983 (Ala.Civ.App.2005). This court and our supreme court have enumerated the many factors trial courts must consider when weighing the propriety of an award of periodic alimony, Edwards v. Edwards, 26 So.3d 1254, 1259 (Ala.Civ.App.2009), which include: the length of the marriage, Stone v. Stone, 26 So.3d 1232, 1236 (Ala.Civ.App.2009); the standard of living to which the parties became accustomed during the marriage, Washington v. Washington, 24 So.3d 1126, 1135-36 (Ala.Civ.App.2009); the relative fault of the parties for the breakdown of the marriage, Lackey v. Lackey, 18 So.3d 393, 401 (Ala.Civ.App.2009); the age and health of the parties, Ex parte Elliott, 782 So.2d 308, 311 (Ala.2000); and the future employment prospects of the parties, Baggett v. Baggett, 865 So.2d 556, 559 (Ala.Civ.App.2003). In weighing those factors, a trial court essentially. determines whether the petitioning spouse has demonstrated a need for continuing monetary support to sustain the former, marital standard of living that the responding spouse can and, under the circumstances, should meet. See Gates v. Gates, 830 So.2d 746, 749-50 (Ala.Civ.App.2002); Hewitt v. Hewitt, 637 So.2d 1382, 1884 (Ala.Civ.App.1994) (“The failure to award alimony, although discretionary, is arbitrary and capricious when the needs of the wife are shown to merit an award and the .husband has the ability to pay.”).”’
Rieger v. Rieger, 147 So.3d 421, 429-30 (Ala.Civ.App.2018) (quoting Shewbart v. Shewbart, 64 So.3d 1080, 1087-88 (Ala.Civ.App.2010)).
The record in this ease indicates that the parties had been married just 4 months short of 10 years when the husband filed the complaint for a divorce and that by the time of the trial they had been married almost IT years. Each party blamed the other fór the breakdown of the marriage. The wife testified that she and David Brown Damrich (“the husband”) had not had a sexual relationship for more than a year before' the divorce complaint was filed, but she discovered that the husband had been “dating” and taking the prescrip *884 tion medication Viagra before filing the complaint; The husband testified that the wife had caused the breakdown of the marriage because of her long absences from the home. However, he did admit that he was in a sexual relationship with a coworker at the time of the trial. From the record, it appears'that neither party is blameless in the collapse of the marriage. The husband, who was 50 years old at the time of trial, is a physician whose- annual gross income for the 5 years preceding the trial was between approximately $461,000 and $511,000, and he testified that his net monthly income is approximately $19,520. The wife; who was 49 at the time of trial, holds a bachelor’s degree, but she described herself as a housewife during the marriage. The husband has a substantially higher -earning capacity- than the wife, one which the wife would not be able to approach even if she were to use the two years worth of rehabilitative alimony on nothing but obtaining skills to make her self-sufficient. Excluding certain personal debts, the wife estimated her monthly expenses at $8,961.
In the words of the main opinion, the wife may be able to “subsist” on the $2,500 monthly rehabilitative alimony, 178 So.3d at 874, but her standard of living will be drastically curtailed from the lifestyle she maintained during her 10-year marriage to the husband. Admittedly, the husband has monthly, expenses that must be taken into account when considering an award of periodic alimony to the wife. However, by refusing to award the wife periodic alimony, the trial court has essentially allowed the husband to retain the standard of living. he enjoyed during the marriage while providing the wife with enough money to “subsist” for two years, after which she might receive no alimony at all.
In concluding that the wife is entitled to receive periodic alimony, I do not mean to imply that the alimony must meet the wife’s financial needs. However, based on the husband’s significant monthly salary, the disparity between not only the parties’ incomes but their respective earning capacities, see Jones v. Jones, 596 So.2d 949, 952 (Ala.Civ.App.1992), and the length of the marriage, I believe that the trial court’s failure to award the wife any periodic alimony constitutes an ’abuse of discretion. Therefore, I would reverse that portion of the judgment awarding the wife only rehabilitative alimony.
I would also reverse that portion of the trial court’s judgment denying the wife an attorney fee. As the main opinion points out,
“ ‘[wjhether to award an attorney fee in a domestic relations case- is within the sound discretion of the.trial court and, absent an abuse, of that discretion, its ruling on that question will not be reversed. Thompson v. Thompson, 650 So.2d 928 (Ala.Civ.App.1994). “Factors to be considered by the trial court when awarding such fees include the financial circumstances of the parties, the parties’ conduct, the results of the litigation, and, where appropriate, the trial court’s knowledge and experience as to the ■ value of the services performed by the attorney.” Figures v. Figures, 624 So.2d 188, 191 (Ala.Civ.App.1993). Additionally, a trial court is presumed to have 'knowledge from which it may set a reasonable attorney fee even when there is no evidence as to the reasonableness of the attorney fee. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986).’
“Glover v. Glover, 678 So.2d 174, 176 (Ala.Civ.App.1996).”
Frazier v. Curry, 104 So.3d 220, 228 (Ala.Civ.App.2012).
*885 In this case, the husband sought the divorce. Evidence indicates that he had been “dating” before filing the divorce complaint. Other evidence indicated that the husband had encouraged the attempts by the wife and her daughter to pursue careers in the entertainment industry. The husband testified that he;did not know whether the wife had- earned any income during the marriage, but the parties had not reported any income for the wife on the parties’ joint income-tax returns. The husband has substantially more assets than the wife from which to pay the attorney fee. Based on the record, I would reverse that portion of the judgment denying the wife an attorney fee and, on remand, instruct the trial court to revisit the issue of an attorney fee in light of an award of periodic-alimony. ■
For the above reasons, I - dissent from those portions of the main opinion affirming the trial court's decision to award the wife only rehabilitative alimony instead of periodic- alimony and denying the wife an attorney fee. I concur with the remainder of the main opinion: