THOMAS, Judge,
concurring in part and dissenting in part as to the appeal.
Although I concur in those portions of the main opinion affirming the custody award and the child-support award, I dissent from that portion of the opinion affirming the determination that the interest of Landon Bentley (“the husband”) in the Bentley Family Partnership (“the partnership interest”) is marital property subject to division. Based on my review of the evidence presented at trial, I cannot conclude that the evidence supports a determination that the partnership interest, or income derived from it, was “used regularly for the common benefit of the parties during their marriage” as required by Ala. Code 1975, § 30-2-51(a).
Section 30-2-51(a) reads:
“If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse’s family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage.”
Based on that statute and the caselaw interpreting it, a trial judge may, at his or her discretion, consider property that one spouse owned before the marriage or received by inheritance or gift, during the marriage when dividing the property of the parties upon divorce only if the judge determines that the property, or income produced by the property, “has been used regularly for the common benefit of the parties during their marriage.” § 30-2-51(a); see, generally, Ex parte Durbin, 818 So.2d 404, 408 (Ala.2001); Ex parte Drummond, 785 So.2d 358, 362 (Ala.2000); Hull v. Hull, 887 So.2d 904, 908 (Ala.Civ.App.2003); and Bushnell v. Bushnell, 713 So.2d 962, 964 (Ala.Civ.App.1997). Thus, to determine that property owned by a party before the marriage or received by a party by inheritance or gift may be considered to be subject to division under § 30-2-51(a), the trial court must focus on whether the property, or its income, is used regularly for the common benefit of the parties during the marriage. See, e.g., Ex parte LaMoreaux, 845 So.2d 801, 806 (Ala.2002).
The testimony in the record establishes that the partnership interest generated no income that was used by the parties for their common benefit during the marriage. Molly Bentley (“the wife”) specifically answered “no” to- the question whether the parties had “ever actually réceive[d] anything from [the partnership interest].” The husband testified that “[t]here has never been á distribution made from [the partnership interest] to anyone'anywhere.”
The main, opinion concludes that the partnership interest is divisible under § 30-2-51(a) because the husband and the wife testified that they had intended to use the partnership interest to fund their retirement and that, as a result, the parties had not funded other retirement accounts. Thus, the majority bases its conclusion on the fact that the parties intended to use the partnership interest, or income- generated by it, in the future. I cannot agree that an intent to use an asset in the future satisfies the requirements of § 30-2-51(a).
*1177 The relevant phrase ha § 30-2-51(a) is “regularly used for the common benefit of the parties during their marriage.” Although no Alabama court has ever construed the word “used” in the context of the statute, the rules of statutory construction establish that the language used in a statute should be given its ordinary meaning. IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992) (“Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.”). The ordinary meaning of “use” is “to put into action or service: avail oneself of: employ,” “to carry out a purpose or action by means of,” or “to expend or consume by putting to use.” Merriam-Webster’s Collegiate Dictionary 1378 (11th ed.2003).
The fact that the parties may have intended to use the partnership interest, or income derived from it, in the future is, in my opinion, not proof that the partnership interest was “used regularly for the common benefit of the parties during their marriage.” “Used” is the past tense of the verb “use,” indicating, like the phrase “during their marriage,” that the use of the separate property, or income derived from it, must have occurred during the marriage to trigger its consideration in the division of property. I note also that the statute requires “regular” use, which the wife has also not proven; because the parties did not use the partnership interest, or income derived from it, for any purpose during the marriage, it was not “used regularly.” See Hull v. Hull, 887 So.2d 904, 909 (Ala.Civ.App.2003) (discussing the term “used regularly” in the application of § 30-2-51(a)).
The evidence adduced at trial indicates that no use was made of the partnership interest, or income derived from it, during the marriage. As a result, I conclude that the partnership interest was not “used regularly for the common benefit of the parties during their marriage” as required by § 30-2-51(a) for it to be considered in the division of the parties’ property. Therefore, because I do not agree with the conclusion that the partnership interest should be considered in the division of marital property by virtue of the application of § 30-2-51 (a), I dissent from that portion of the opinion affirming the award of a portion of the partnership interest to the wife.
MOORE, J., concurs.